**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from Moag & Co., LLC Pursuant to 28 U.S.C. § 1782 | Civil Action No. 1:20-cv-02705-ELH |

## **CERTIFICATE REQUIRED BY D. MD. LOCAL RULE 104.7**

On October 19, 2020, Petitioner caused copies of the subpoena for documents, attached as **Exhibit 1** to the accompanying Qureshi Declaration, to be personally served on Mr. John Moag, a duly authorized representative of Moag and valid agent for service of process. *See* Declaration of Rizwan Qureshi, dated November 11, 2020 ("Qureshi Decl.") at ¶ 5; *see also* Exh. 3. The subpoena for documents specified a document production date of November 6, 2020 at 10:00 AM at the office of Reed Smith LLP in Washington, DC. *See* Exh. 1. Furthermore, pursuant to the Court's Order, Moag was permitted 21 days from service of the subpoenas – until November 9, 2020 – to "move to quash or for a protective order." Dkt. No. 3.

On November 4, 2020, Petitioner's counsel contacted Moag's counsel to discuss Moag's upcoming return date of November 6, 2020 for the subject subpoena. On the November 4th call, Petitioner's counsel inquired of Moag's counsel as to whether Respondent anticipates producing documents in response to the subpoena and whether a discussion on scope was necessary. Moag's counsel was non-committal and stated on the call and in a subsequent email, dated November 5, 2020, that his client "has no records responsive to your subpoena . . . ." On November 9, 2020, on the date of Respondent's deadline, Moag's counsel contacted Petitioner's counsel to discuss, among other things, the previously offered search terms to assist Respondent's efforts in locating

any responsive documents.  As such, on that same date, Petitioner's counsel met and conferred with Moag's counsel via telephone and sent a follow-up email to Moag's counsel at 3:29 PM regarding proposed search terms for Moag to run on its files in connection with producing documents responsive to the subpoena for documents.  Qureshi Decl. at ¶ 7; *see also* Exh. 5. Included in those search terms were the search phrases "Mary Ellen Blair OR Mary Ellen OR Blair," and "Bobby Potter OR Bobby OR Potter," of which Moag's counsel preliminarily agreed to run and produce any documents related to "Blair" by November 10, 2020.  *Id.*  Later that same day, on November 9, 2020, Moag's counsel provided responses and objections to the subpoena for documents, as well as a paltry, bad faith production of documents of only 13 pages of documents (the "Objections and Production").  *Id.*; *see also* Exh. 6.  As a part of the Objections and Productions, Moag failed to produce any phone records, text messages, or email communications with Blair or any phone records or text messages with Potter.

Accordingly, on November 10, 2020 at 1:52 PM, Petitioner's counsel sent a follow-up email to Moag's counsel setting forth the basis for Petitioner's knowledge that such documents exist and must be produced: "We are aware that your client did communicate with Ms. [Mary Ellen] Blair both before and after publication of the defamatory articles from the following phone numbers:  (1) 410-XXX-XXXX; and (2) 443-XXX-XXXX.[1]  As such and discussed, we would also request any phone records, text or email communications, and other documents that reflect these communications with Ms. Blair."  Qureshi Decl. at ¶ 7; *see also* Exh. 5.  That same day, Moag's counsel contacted Petitioner's counsel to convey that he perceived Petitioner's counsel's above-referenced email to be "bullshit" and to discuss the production of documents related to Ms. Blair.  *Id.*  However, despite Petitioner's counsel's best efforts to discuss his request for phone

---

[1] The foregoing cell phone numbers are redacted for privacy but were provided in full to Mr. Reeder.

records, Moag's counsel refused to engage in good faith discussions regarding such documents and instead belligerently told Petitioner's counsel to "file your fucking motion," falsely claiming that his client and Ms. Blair never spoke prior to the publication of the Defamatory Articles and that he did not believe the subpoena for documents was broad enough to request for phone records (another falsehood), and abruptly hung up on Petitioner's counsel because he and his wife were "hosting H.R. McMaster." *Id.* Subsequently, Moag's counsel sent a follow-up email at 4:40 PM attaching a further production of a single email communication between Mr. Moag and NFL General Counsel Jeff Pash (the "Second Production"). *Id.*; *see also* Exh. 7. Moag's counsel otherwise stated that "there is no text, phone, email or otherwise referring to 'Blair.'" which is false. Qureshi Decl. at ¶¶ 7-8 (noting at least one phone call between Ms. Blair and a phone number associated with Respondent on July 7, 2020); *see also* Exh. 5. Petitioner's counsel sent a follow-up email asking whether Moag's counsel would produce "all phone records during the relevant period showing communications between your client and Ms. Blair," to which he has failed to respond. Qureshi Decl. at ¶ 7; *see also* Exh. 5.

Accordingly, Petitioner's attempts to negotiate in good faith with Moag's counsel during the aforementioned meet and confer calls and emails were futile given Moag's counsel's grossly unprofessional and hostile behavior and failure to respond to Petitioner's counsel's email. As a result, Petitioner's only recourse was to file the instant Motion to seek judicial intervention.

Dated: November 11, 2020               Respectfully Submitted,

                                       REED SMITH LLP

                                       By: /s/Andrew C. Bernasconi
                                           Andrew C. Bernasconi (MD Bar No. 15780)
                                           1301 K Street NW
                                           Suite 1000, East Tower
                                           Washington, DC 20005

Tel: (202) 414-9200
abernasconi@reedsmith.com

Rizwan A. Qureshi
*(Pro Hac Vice Motion Forthcoming)*
1301 K Street NW
Suite 1000, East Tower
Washington, DC 20005
Tel: (202) 414-9200
rqureshi@reedsmith.com

Jordan W. Siev
*(Pro Hac Vice Motion Forthcoming)*
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 521-5400
jsiev@reedsmith.com


TACOPINA, SEIGEL & DEOREO, P.C.
Joseph Tacopina
Chad D. Seigel
275 Madison Avenue, 35th Floor
New York, NY 10016
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
*(Pro Hac Vice Motion Forthcoming)*

*Attorneys for Petitioner
  Daniel Snyder*