# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In Re Application of Daniel Snyder<br>For an Order Directing Discovery from<br>Moag & Co., LLC Pursuant to<br>28 U.S.C. § 1782 | )<br>)<br>)<br>)<br>) | Case No. 20-CV-0275-ELH |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

Parties have reached agreement with exchange of emails, Defendant Moag and Co., LLC provides these Objections and Answers to Plaintiff's Requests for the Production of Documents ("Requests"), per Federal Rule of Civil Procedure 34.

## **GENERAL OBJECTIONS**

The following General Objections ("General Objections") apply to each of Plaintiff's Requests, and incorporated into each response. Specific objections included within an answer to a numbered Request supplement the General Objections, and shall not limit the applicability of the General Objections to each such response.

A. Defendant will supplement these objections and responses when and as appropriate, based upon information that becomes known, if and when additional information comes to Defendant's or his counsel's attention.

B. Defendant construes each Request as not seeking the identification, description or production of legal memoranda, drafts of pleadings, attorney notes, letters or communications regarding settlement, or other similar documents that come into existence either because of this proceeding or in anticipation of this proceeding.

C. Defendant does not in any manner waive, or intend to waive, but rather preserves:

1

i. all objections as to privilege, relevance, materiality and admissibility;

ii. all rights to object on any ground to the use of any response in any subsequent proceeding, including this Matter or the Indian Lawsuit; and

iii. all rights to object on any ground to any further discovery involving or relating to any of Plaintiff's Requests or Defendant's responses thereto.

D. In its responses, Defendant neither admits nor concedes the appropriateness or accuracy of Plaintiff's instructions as set forth in Plaintiff's Requests.

E. Nothing herein should be construed to admit the truth or accuracy of any statement in any document referenced in Plaintiff's Requests or produced in Defendant's responses.

F. Defendant objects to Plaintiff's Requests to the extent they (a) are overly broad and unduly burdensome, or (b) seek records protected from disclosure by the attorney-client privilege or attorney work product doctrine, (c) are totally unconnected to any aspect of the Indian Lawsuit, or (d) otherwise seek information that is (i) proprietary in nature or (ii) protected from disclosure under the Federal Rules of Civil Procedure or other applicable law.

G. In response to Defendant's objection to the relevant timeframe going back to January 1, 2020, Parties have compromised by agreeing to the time period of May 1-September 1, 2020, with Defendant representing that July 16, 2020 was the date John Moag first learned of the allegations described in the so-called Indian Lawsuit.

H. Defendant objects to the Requests insofar as they are vague and utilize undefined expressions including, but not limited to "actual or anticipated negative publicity concerning Mr. Snyder," but has agreed pursuant to compromise to produce non-proprietary materials that it believes falls into this category, notwithstanding the fact that the Indian Lawsuit allegations are quite specific. Responding further, the Court can take judicial notice of the huge array of negative publicity, hundreds if not thousands of publications relating to Plaintiff, including in many of the best-known newspapers in the world, including the New

2

York Times, the Wall Street Journal, and the Washington Post—publicity that has nothing to do with the very specific allegations set forth in the Indian Lawsuit.

I. Defendant objects to the Requests to the extent they seek documents or information in the possession, custody, or control of entities or persons other than Defendant.

J. Defendant objects to the Requests to the extent they seek documents or information that no longer exists or has otherwise been lost, misplaced, or destroyed.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

In addition to the General Objections above, Defendant further responds as follows:

**Request 1:**

All documents and communications concerning Mr. Snyder.

**ANSWER:**

In response to Defendant's objection to this overbroad Request, and subject to the agreed time window, Parties have compromised, and Defendant will produce communications as described above. As is long known by Plaintiff, and has been explained in some detail to the Snyder lawyers, the Company and Mr. Moag for years have represented minority owners of the Washington Football team, and therefore have had myriad occasions—for reasons wholly unrelated to the Indian litigation—to have exchanges that "concern" the majority owner. Parties have further agreed to production that is limited to anticipated or actual negative publicity, and not communications unrelated to that, which is highly proprietary in nature.

**Request 2:**

All documents and communications concerning MEAWW, Eleven and/or any affiliates, agents, or employees thereof.

**ANSWER:**

Defendant possesses no pre-July 16, 2020 documents responsive to this request, and, while objecting to the lack of even remote relevance as to any such documents post-July 16, 2020, publications in India, will produce any transmittal of or reference to same, other than what has been provided exclusively to his counsel in this litigation.

**Request 3:**

All documents and communications concerning the defamatory articles and/or any actual or anticipated negative publicity concerning Mr. Snyder.

**ANSWER:**

To the extent that it relates to the defamatory Indian Lawsuit articles at issue, Defendant does not object, and will produce, consistent with Parties' compromise agreement. As is a matter of public record to which the Court can judicially notice, Mr. Snyder for decades has been the subject of swirling, often negative publicity relative to neighbors, business dealings, secret videos of unsuspecting Washington Football Team cheerleaders, treatment of coaches and fellow owners, the racially repugnant name "Redskins," and other subjects having nothing to do with the two serious allegations at issue in the Indian Lawsuit.

Plaintiff's purported reason to seek discovery under 28 U.S.C. § 1782 was to let Plaintiff determine the "source" of the two (2) very specific allegations made on July 16, 2020: "being an Epstein buddy" and "sex-trafficking." No more, no less. While salacious, these reports don't begin to exhaust all that is "negative" in publications about Plaintiff. Defendant's responsibilities has him and his staff maintaining a general real-time awareness of all reports that could impact the value of his minority owner clients' interest in the Washington Football Team, and to be able when needed

4

to parry inquiries that injure his clients. To put it bluntly, given the many reports on Plaintiff, tracking and otherwise policing negative reports on Dan Snyder is a challenge.[1]

**Request 4:**

All documents and communications between you and any third party concerning Mr. Snyder, the Defamatory Articles and/or any actual or anticipated negative publicity concerning Mr. Snyder.

**ANSWER:**

Defendant reads this Request as wholly duplicative of other Requests previously imposed upon Defendant and is thus unnecessarily cumulative, and thus requires the same observations and oblections. To the extent it includes records relevant to the so-called Defamatory Articles, Defendant knows of no such records pre-July 16, 2020, but will produce a post-July 16, 2020 transmittal of the article itself. As already explained, "concerning Mr. Snyder" is hopelessly broad, and seek records that have no conceivable relevance to Plaintiff's Indian Lawsuit.

Respectfully submitted,

Joe R. Reeder
Greenberg Traurig, LLP
2101 L Street N.W.
Washington, D.C. 20037
(202) 331-3100
reederj@gtlaw.com
*Attorney for Defendant*

---

[1] On Friday, November 6, 2020, and again on November 9, 2020, in an effort to try to tailor production to fulfill Plaintiff's legitimate needs relating to his Indian Lawsuit, the undersigned offered to connect telephonically Mr. Moag with Plaintiff's counsel, in hopes of minimizing legitimate objections, and otherwise being responsive. Further, today, Plaintiff was offered the opportunity to provide any "search terms" Plaintiff felt might help for Defendant to use, beyond the names of Plaintiff and those sued in India, and the words "publicity," and any derivation of the word "sex." Plaintiff helpfully provided some search terms late in the afternoon (3:30pm), which has given rise to Parties' compromise. "Search terms" helped to counter the vagueness and breath of requests. Hopefully it also will help prove the absence of any materials remotely related to the "Epstein" and "Sex-Trafficking" allegations of the Indian Lawsuit. Mr. Moag and his secretary and small staff have been in COVID-19 lock down away from the office for over seven (7) months, so reconstructing with "search terms" is enormously helpful, and appreciated.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2020, I caused a copy of the foregoing to be sent by first class and electronic mail to Plaintiff's counsel.

_____
Joe R. Reeder