# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from Moag & Co., LLC Pursuant to 28 U.S.C. § 1782 | Civil Action No. 1:20-cv-02705-ELH |

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Petitioner Daniel Snyder ("Petitioner" or "Snyder"), by undersigned counsel, respectfully submits this Memorandum in Support of his Motion to Seal:

1. Pursuant to D. Md. Local Rule 104.8(c), Petitioner filed a Certificate of Conference reciting the date, time, and counsel who attended the discovery conference and listing outstanding discovery issues for the Court to resolve. Pursuant to the local rules, Petitioner attached to the certification as Exhibits A-C the motion and memoranda the parties previously served on another.

2. Accordingly, Petitioner seeks to file under seal the following documents attached as **Exhibit A** and **Exhibit C**: Petitioner's Motion to Compel Respondent Moag & Co., LLC to Produce Documents; Certificate Required by D. Md. Local Rule 104.7; Memorandum in Support of Motion to Compel Respondent Moag & Co., LLC to Produce Documents; Declaration of Rizwan A. Qureshi; Exhibit 5; Exhibit 7; Proposed Order Granting Petitioner's Motion to Compel Respondent Moag & Co., LLC to Produce Documents; and Reply in Further Support of His Motion to Compel. Petitioner has filed all of the above-mentioned documents with limited redactions (the "Redacted Documents") on the public docket, with the sole exception of Exhibit 7, which Petitioner seeks to file under seal in its entirety.

3. The Redacted Documents contain limited references to documents that Petitioner received in connection with a separate Section 1782 proceeding and which were produced to Petitioner pursuant to a protective order. Although Petitioner maintains that the producing party in the other proceeding authorized Petitioner's disclosure of the contents of those documents, in light of the privacy interests of third parties that are implicated by those documents – and out of an abundance of caution – Petitioner now seeks to seal such information.

4. Importantly, the Redacted Documents contain minor redactions that are limited in scope to references to documents that Petitioner received in connection with a separate Section 1782 proceeding, as set forth in ¶ 3 *supra*.

5. In *Ashcraft v. Conoco, Inc.*, the Fourth Circuit held that before a district court may seal any court documents, it must: "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *See* 218 F.3d 282, 288 (4th Cir. 2000) (internal citations omitted). Each of those requirements is met here.

6. First, Petitioner's Motion to Seal provides the public with a reasonable opportunity to object to the sealing of documents in question.

7. Second, Exhibit 7 is the only document that Petitioner requests to be filed under seal in its entirety. Outside of that one document, Petitioner filed versions of the Redacted Documents on the public docket with minimal redactions, allowing the public access and ability to view to the majority of the motion papers without obstruction. No feasible alternative exists to filing these pleadings under seal because such pleadings contain references to private and confidential information of third parties, as set forth in ¶ 3 *supra*.

8.      Finally, specific reasons exist to support the rejection of alternatives to sealing the documents in question.  The Fourth Circuit has held that the common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publc. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)).  The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.*  Here, the public's right of access is outweighed by the stronger countervailing interest of protecting the private and confidential information of third parties that is not otherwise publicly available.

9.      And, lastly, the Court has previously granted Petitioner's Motion to Seal regarding majority of the documents at issue.  *See* Order (Dkt. No. 10).  The only "new" document is **Exhibit C**, Petitioner's Reply in Further Support of His Motion to Compel.

Based on the aforementioned reasons, Petitioner respectfully requests the Court seal and to restrict access to the full, unredacted versions of the following documents to the parties, their attorneys, and authorized court personnel only:  Petitioner's Motion to Compel Respondent Moag & Co., LLC to Produce Documents; Certificate Required by D. Md. Local Rule 104.7; Memorandum in Support of Motion to Compel Respondent Moag & Co., LLC to Produce Documents; Declaration of Rizwan A. Qureshi; Exhibit 5; Exhibit 7; Proposed Order Granting Petitioner's Motion to Compel Respondent Moag & Co., LLC to Produce Documents; and Reply in Further Support of His Motion to Compel.

Dated: December 12, 2020  　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　REED SMITH LLP

　　　　　　　　　　　　　　　　　　　　By: /s/Andrew C. Bernasconi
　　　　　　　　　　　　　　　　　　　　　　Andrew C. Bernasconi (MD Bar No. 15780)
　　　　　　　　　　　　　　　　　　　　　　1301 K Street NW
　　　　　　　　　　　　　　　　　　　　　　Suite 1000, East Tower

Washington, DC 20005
Tel: (202) 414-9200
abernasconi@reedsmith.com

Rizwan A. Qureshi
*(Pro Hac Vice Motion Forthcoming)*
1301 K Street NW
Suite 1000, East Tower
Washington, DC 20005
Tel: (202) 414-9200
rqureshi@reedsmith.com

Jordan W. Siev
*(Pro Hac Vice Motion Forthcoming)*
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 521-5400
jsiev@reedsmith.com

TACOPINA, SEIGEL & DEOREO, P.C.
Joseph Tacopina
Chad D. Seigel
275 Madison Avenue, 35th Floor
New York, NY 10016
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
*(Pro Hac Vice Motion Forthcoming)*

*Attorneys for Petitioner*
  *Daniel Snyder*