**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **In Re Application of Daniel Snyder** <br> **For an Order Directing Discovery from** <br> **Moag & Co., LLC Pursuant to** <br> **28 U.S.C. § 1782** | ) <br> ) <br> ) Case No. 20-CV-02705-ELH <br> ) <br> ) |

**RESPONDENT MOAG'S MEMORANDUM**
**IN SUPPORT OF MOTION TO FILE UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 105.11, Respondent Moag and Co., LLC ("Moag" or "Respondent") hereby submits this Memorandum in support of his Motion to Seal and Respondent states as follows:

On Saturday, December 12, 2020, Petitioner submitted to the Court its Rule 104.7 Certificate with certain filings concerning Petitioner's Motion to Compel. *See* Dkt. 14. Petitioner maintains that submission includes materials that should be filed under seal. *Id*. at 2-3. While Respondent disagrees with Petitioner's view, out of an abundance of caution and until the Court rules otherwise, Respondent asks that his filings submitted with his Supplemental LR 104.7 Certificate, i.e. the proposed Motion for Leave to File a Sur-reply and accompanying memoranda (**Exhibit A)**, which addresses issues relating to Petitioner's Motion to Compel, and accompanying proposed sur-reply (**Exhibit B)** also be filed under seal until such time as the Court has ruled on Petitioner's Motion to Seal following Respondent's Opposition which will be timely filed.

Given the Parties' disagreement concerning the materials' confidentiality in what Petitioner has requested be sealed, and until this Court can resolve that issue, there remains good cause to seal the aforementioned materials which are closely related. Such an approach represents the least restrictive means of protecting potentially confidential information while still providing the public with access to the parties' filings. No viable alternative would maintain the disputed confidentiality

2

of the matters at issue, nor would an alternative procedural vehicle achieve those means.  Finally, Respondent's Motion to Seal provides the public with a reasonable opportunity to object to the sealing of the documents at issue.  *See Ashcraft v. Conoco, Inc*., 218 F.3d 282, 288 (4th Cir. 2000).

Wherefore, in accordance with Federal Rule of Civil Procedure 26(c)(1) and Local Rule 105.11, Respondent moves this Court for an Order granting leave to file **Exhibit A (**Motion for Leave to file a sur-reply and **Exhibit B** (proposed sur-reply) to its Supplemental Local Rule 104.7 Certificate under seal.  Respondent requests that the Court seal and restrict access to the aforementioned documents to the parties, their attorneys, and authorized court personnel only.

Respectfully submitted,

/ s / Joe R. Reeder
Joe R. Reeder
USDC MD BAR # 06701
Stephen T. Fowler
USDC MD Bar #16881
Greenberg Traurig, LLP
2101 L Street N.W.
Washington, D.C. 20037
(202) 331-3100
reederj@gtlaw.com

*Attorney for Respondent*