# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

December 17, 2020

TO COUNSEL OF RECORD

Re: *Snyder v. Moag & Co., LLC*
Civil No. ELH-20-2705

Dear Counsel:

This matter was referred to me post-closing to rule on Petitioner's Motion to Compel. ECF 6. Initially, I DENIED the motion without prejudice and directed the Petitioner to comply with procedures set forth in Local Rule 104.8. ECF 11. Petitioner has now complied with Local Rule 104.8 and the matter is now properly before the Court. ECF 13. I have reviewed the pleadings in this matter and no hearing is necessary. Local Rule 105.6. For the reasons set forth below, the Motion to Compel is GRANTED.

Petitioner filed this action, a Motion for Issuance of Letters Rogatory on September 17, 2020. ECF 1. Petitioner sought this Court's assistance in the issuance of subpoenas pursuant to 28 U.S.C. 1782 to aid in discovery regarding Petitioner's litigation pending in the High Court of Delhi at New Delhi, India. *Id.* The civil action in India arises from what Petitioner alleges were false and defamatory articles accusing Respondent of sexual misconduct. *Id.* This Court granted the Motion and entered an Order permitting the subpoenas to be issued on September 29, 2020. ECF 2,3.

The subpoenas were served on Respondent on October 19, 2020 and specified a production date of November 6, 2020. ECF 13-4. Respondent had 21 days, until November 9, 2020 to move to quash or move for a protective order. *Id.* Respondent did neither. Prior to November 9, 2020, counsel began a series of calls and emails attempting to resolve matters in what appeared to escalate into some ill tempered and often profane conversations. ECF 13. Notwithstanding these communications, Respondent did in fact produce 13 pages of documents on November 9, 2020. Petitioner has moved to compel additional responses that Petitioner posits are within the dominion and control of Respondent and Respondent has allegedly steadfastly refused to produce. *Id.*

Polarization of counsel and the animosity captured in the pleadings and emails presented here are often the unwelcome biproduct of litigation. This case in particular is a breeding ground for animosity with high stakes and high-profile parties coupled with difficult litigation in a foreign court that is out of reach of the parties to this action. This unsavory back and forth is understandable but highly discouraged by this Court, many of whom spent decades as active litigators before their appointment to this Court. That all said, none of the interpersonal problems with counsel has any bearing on the determinations to be made by this Court. I only note it to discourage its continuance.

Instead, this matter is fairly simple. The Court ordered the subpoenas to be served. The subpoenas were in fact properly served. Respondent failed to timely file a motion to quash or a motion for a protective order. The parties, *sua sponte* discussed an appropriate protective order and were in basic agreement until Respondent proposed a new wrinkle that ended the conversation. There was no protective order sought by Respondent, whether by consent or not. Absent a protective order or motion to quash, Respondent lacks the basis to untimely now challenge the requested discovery. Fed. R. Civ. P. 26(c).

District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir.1986); *Middleton v. Nissan Motor Co.*, No. 10–2529, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012). The latitude given to district courts "extends as well to the manner in which [they] order the course and scope of discovery." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1996).

*Assuming arguendo* that Respondent had properly challenged the subpoena by a motion to quash or motion for a protective order, Federal Rule of Civil Procedure 26(b)(1) governing the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "Fed. R. Civ. P. 26 requires that discovery be relevant to any party's claim or defense, proportional to what is at issue in a case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought". Local Rule Discovery Guidelines Appendix A.

I find that after carefully reviewing the pleadings in this case, the information sought regarding the production of phone records, text messages and other communications as described in Petitioner's Proposed Order (ECF 13-8 *Under Seal*), especially with respect to the named persons, to be within the scope of discoverable information and within the Order of this Court (ECF 3). Any determination of admissibility of evidence will be made by the foreign court.

Respondent also argues that even if discoverable, it has supplied all the information requested under the subpoenas. Respondent states that it has no further documents. Petitioner argues that Respondent's representations are incorrect. Petitioner alleges that based upon its review of third-party subpoenas and records received, Respondent is holding back on disclosing the particularly important documents requested, with emphasis on the communications between Respondent and the persons named in the Proposed Order. If Respondent is correct, then Respondent is ORDERED to provide by affidavit under oath, an attestation that the documents produced are the only documents responsive to Petitioner's subpoenas. If Petitioner is correct, Respondent is ORDERED to comply with the subpoenas forthwith. Non-disclosure of discoverable information is governed by Fed. R.Civ. P. 37. Under the circumstances of this case, the Court will not hesitate to impose sanctions for failure to comply with this Order for

discovery. Fed. R. Civ. P. 37.

The Motion to Compel (ECF 13) is GRANTED consistent with this Order. Respondent is to file responses to the Petitioner's discovery requests as described in the Petitioner's Proposed Order (ECF 13-8 *Under Seal*) within 10 days of this Order. The Court will RESERVE ruling on the motion for attorneys' fees filed by Petitioner and the parties are to provide a joint status report to the Court 10 days from the date of this Order.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge