IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| **In Re Application of Daniel Snyder** <br> **For an Order Directing Discovery from** <br> **Moag & Co., LLC Pursuant to** <br> **28 U.S.C. § 1782** | ) <br> ) <br> ) <br> ) Case No.  20-CV-02705-ELH <br> ) |

## JOINT STATUS REPORT

Pursuant to the Court's December 17, 2020 Order, the Parties respectfully submit this joint status report on Respondent's production of documents in response to Petitioner's Section 1782 Subpoena, and the December 17, 2020 Order of this Court:

**Respondent's Position**

1. Parties' counsel on December 28, conferred twice by phone, first to discuss the logistics of filing file a status report today as ordered, and second, to discuss what additional documents will be provided today.  In that discussion Respondent advised that their client and one employee had gone in to the office, and that a fourth production will occur today, consistent with all three earlier productions, subject to Respondent's timely served objections on November 9, 2020.  Respondent further advised that Rule 72(a) Objections to the December 17, 2020 Order, supported by Exhibits and three sworn statements, would also be filed.

2. Respondent further recounts here Moag's pre-December 28, 2020 productions, noting that, as of December 2, 2020, three successive "rolling productions" had occurred. The initial 13-page production was twice supplemented, first with one page, and second with an additional 108 pages as of December 2, bringing the total to 122 pages produced as of the December 17, 2009 Order.

3. Subject to his November 9, 2020 objections, Respondent will produce by day's end on December 28, 2020 two sworn statements to accompany the fourth document production, to be

1

numbered MOAG000123- MOAG000160, which includes documents retrieved Christmas week with the help of outside technical assistance brought into Respondent's office.

4. Per Respondent, this production will include (a) one page reflecting a 5-minute Moag-Potter call on July 30, 2020, marked REVISED MOAG000075; (b) fifteen (15) additional emails, and (c) eleven (11) text messages John Moag was able to photograph when he saw them for the first time on his iPad before it synced with his iPhone—messages no longer on his iPhone (*see* Moag Decl. at ¶ 12).

5. Respondent represents that the Moag Declaration will confirm that, Respondent, to the best of its ability, has fully responded to Petitioner's discovery, to the point of going beyond what the rules of discovery require. Respondent further contends that the Moag Declaration will confirm that nothing produced remotely connects Moag to the Indian allegations, or to any knowledge of anything or anyone with such knowledge or connection.

6. Finally, Respondent submits that the Moag Declaration will state that Moag is unaware of anything in his possession or control or otherwise existing in any way related to the India Litigation that pre-dates the July 15, 2020 India Defamatory Articles.

**Petitioner's Position**

7. On December 17, 2020, the Court issued a Memorandum and Order (Dkt. No. 23) granting Petitioner's Motion to Compel. Specifically, the Court ordered Moag to either provide an affidavit under oath attesting that the documents produced are the only documents responsive to Petitioner's subpoena or to otherwise comply with the subpoena. *Id.* at 2. The Court further ordered Moag "to file responses to Petitioner's discovery requests as described in the Petitioner's Proposed Order (ECF 13-8 Under Seal) within 10 days of this Order." *Id.* at 3.

8. After not receiving any further updates or productions from Moag following entry of the Court's Order, on December 27, 2020, counsel for Petitioner sent an email to counsel for

Moag requesting an update as to how Moag intended to respond to the Court's Memorandum and Order in connection with the parties' obligation to file a joint status report on December 28, 2020.

9. Accordingly, on December 28, 2020, counsel for Petitioner and counsel for Moag held a meet and confer conference call to discuss Moag's intentions with regard to the options provided to it in the Court's Memorandum and Order. During that call, counsel for Petitioner specifically requested counsel for Moag's position on whether it would be producing the following categories of previously requested documents: unredacted copies of phone records that previously had been produced with extensive redactions; text messages between Moag and Mr. Bobby Potter; and phone records from Moag's carrier, Comcast, during the relevant time period. In response, counsel for Moag represented that it would serve a supplemental production and an accompanying affidavit by end of day on December 28 – the deadline for complying with the Court's Order; however, counsel for Moag represented that it would not be producing previously redacted phone records in unredacted form.

10. At 7:16 PM on December 28, 2020, counsel for Moag provided via email a supplemental document production (revised MOAG000075; MOAG000123-160) and a Declaration from Nate Wilson, Vice President at Moag. There are significant deficiencies with the supplemental production.

11. At 8:01 PM, Moag publicly filed a Declaration by John A. Moag, Jr., Chairman and CEO of Moag (Dkt. No. 30), as well as Mr. Wilson's Declaration (Dkt. No. 30-1). The Moag Declaration is rife with scandalous and willfully defamatory statements regarding Petitioner, as well as at least four willful misrepresentations in his sworn declaration.

12. Specifically, Mr. Moag falsely claims in paragraph 10 of his declaration when he asserts that he had no telephonic contact with Ms. Blair on July 7. This is contradicted by phone

3

records produced by Ms. Blair documenting a call from Ms. Blair to Moag.  Mr. Moag's assertion is further contradicted by a sworn statement of one of his own clients.

13.     Moag further falsely claims in paragraph 11, asserting that Petitioner sent "intruders" to his home on August 1, 2020.  This patently absurd allegation is false and defamatory.

14.     Moag further falsely claims in paragraph 4 alleging that the 1782 petition in this matter was leaked by Petitioner to one or more media outlets, when in fact Petitioner has not leaked, and indisputably would have no possible motivation or desire to see any publicity whatsoever concerning the matters herein.

15.     These false statements in the Moag Declaration are only those that are most glaring on less than three hours of review, in advance of the deadline for submission of this Joint Status Report.  Petitioner of course reserves all rights and remedies to supplement, and to seek recourse with respect to these and other falsities that may become apparent.  Turning to the inadequacies in Fourth Supplemental Production (MOAG000123-160), Moag failed to provide unredacted versions of previously filed redacted phone records from both Verizon and Comcast.  Petitioner previously—and continuously—requested of Moag to provide such documents and Moag has repeatedly failed to provide them.  *See* Reply (Dkt. No. 13-8) 8-9.  Instead, Moag provides another heavily redacted phone record that is useless for Petitioner.  *See* MOAG000075.  To date, Moag has failed to provide any legally valid basis for redacting the contents of the phone records requested via the duly served subpoena.

16.     Both Mr. Moag's and Mr. Wilson's declarations are also deficient in that they fail to explain protocols used to locate documents and why responsive documents were not previously located and timely produced.  For example, Mr. Moag fails to explain why he never searched his iPad for responsive messages prior to December 13, 2020.  *See* Moag Aff. (Dkt. No. 30) ¶ 12.  Mr. Moag also fails to explain why he cannot request additional records from Comcast even though he

previously represented in his own filings that he had the ability to do so upon evidence from Petitioner. *Id.* at ¶ 19. With respect to Mr. Wilson's affidavit, he critically fails to describe the specific search terms he used to search Mr. Moag's devices and the results of such searches, *see* Wilson Aff. (Dkt. No. 30-1) ¶¶ 9-12.

17. In light of the eleventh hour (or more specifically, twentieth hour) production of documents and declarations by Respondent, and improper withholding of part of its accompanying filings, Petitioner expressly reserves its right to file a supplemental status report after it has had a full and fair opportunity to review Moag's supplemental document production and upon receipt of any further supplemental documents. Petitioner further reserves all rights and objections in the meantime, including without limitation, the right to seek further relief from this Court based on Respondent's conduct. As noted above, Petitioner also reserves all of his rights and remedies with regard to the scandalous statement, and numerous apparently willful falsities in the Moag Declaration.

                Respectfully submitted,

                By: /s/Andrew C. Bernasconi
                Andrew C. Bernasconi (MD Bar No. 15780)
                1301 K Street NW
                Suite 1000, East Tower
                Washington, DC 20005
                Tel: (202) 414-9200
                abernasconi@reedsmith.com

                Rizwan A. Qureshi
                *(Admitted Pro Hac Vice)*
                1301 K Street NW
                Suite 1000, East Tower
                Washington, DC 20005
                Tel: (202) 414-9200
                rqureshi@reedsmith.com

                Jordan W. Siev
                *(Pro Hac Vice Motion Forthcoming)*

599 Lexington Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 521-5400
jsiev@reedsmith.com

TACOPINA, SEIGEL & DEOREO, P.C.
Joseph Tacopina
Chad D. Seigel
275 Madison Avenue, 35th Floor
New York, NY 10016
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
*(Admitted Pro Hac Vice)*

*Attorneys for Petitioner*


   / s / Joe R. Reeder_____
Joe R. Reeder
USDC MD BAR # 06701
Stephen T. Fowler
USDC MD Bar #16881
Greenberg Traurig, LLP
2101 L Street N.W.
Washington, D.C. 20037
(202) 331-3100
reederj@gtlaw.com

*Attorneys for Respondent*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of December 2020, a copy of the foregoing *Joint Status Report* was electronically filed with the Court and served upon all counsel of record.

/s/Andrew C. Bernasconi
Andrew C. Bernasconi