# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from Moag & Co., LLC Pursuant to 28 U.S.C. § 1782 | Civil Action No. 1:20-cv-02705-ELH |

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Petitioner Daniel Snyder ("Petitioner" or "Snyder"), by undersigned counsel, respectfully submits this Memorandum in Support of his Motion to Seal:

1. On December 28, 2020, Respondent Moag & Co., LLC ("Respondent" or "Moag") filed a Notice of Respondent's Rule 72(a) Objections to Magistrate's December 17, 2020 Discovery Ruling (Dkt. No. 31), along with the Declaration of John Andrew Moag, Jr. (Dkt. No. 31-1), the Declaration of Joe. R. Reeder (Dkt. No. 31-2), and a Proposed Order (Dkt. No. 31-3). On January 11, 2021, in response to Moag's pleadings, Petitioner filed his Opposition to Respondent's Rule 72(a) Objections to Magistrate's December 17, 2020 Discovery Ruling ("Petitioner's Opposition").

2. Petitioner now seeks to file under seal Petitioner's Opposition. Petitioner has filed this document with limited redactions on the public docket.

3. Petitioner's Opposition contains limited references to documents that Petitioner received in connection with a separate Section 1782 proceeding and which were produced to Petitioner pursuant to a protective order. Although Petitioner maintains that the producing party in the other proceeding authorized Petitioner's disclosure of the contents of those documents, in light of the privacy interests of third parties that are implicated by those documents – and out of an abundance of caution – Petitioner now seeks to seal such information.

4. Importantly, Petitioner's Opposition contains minor redactions that are limited in scope to references to documents that Petitioner received in connection with a separate Section 1782 proceeding, as set forth in ¶ 3 *supra*.

5. In *Ashcraft v. Conoco, Inc.*, the Fourth Circuit held that before a district court may seal any court documents, it must: "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *See* 218 F.3d 282, 288 (4th Cir. 2000) (internal citations omitted). Each of those requirements is met here.

6. First, Petitioner's Motion to Seal provides the public with a reasonable opportunity to object to the sealing of documents in question.

7. Second, Petitioner has filed a version of Petitioner's Opposition on the public docket with minimal redactions, allowing the public access and ability to view to the majority of the document without obstruction. No feasible alternative exists to filing this pleading under seal because such pleading contains references to private and confidential information of third parties, as set forth in ¶ 3 *supra*.

8. Finally, specific reasons exist to support the rejection of alternatives to sealing the document in question. The Fourth Circuit has held that the common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publc. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* Here, the public's right of access is outweighed by the stronger countervailing interest of protecting the

private and confidential information of third parties that is not otherwise publicly available.

9. And, lastly, the Court has previously granted Petitioner's Motion to Seal regarding the exact same third party information at issue. *See* Orders (Dkt. Nos. 10, 18).

Based on the aforementioned reasons, Petitioner respectfully requests the Court seal and to restrict access to the full, unredacted version of Petitioner's Opposition.

Dated: January 11, 2021

Respectfully Submitted,
REED SMITH LLP

By: /s/Andrew C. Bernasconi
    Andrew C. Bernasconi (MD Bar No. 15780)
    1301 K Street NW
    Suite 1000, East Tower
    Washington, DC 20005
    Tel: (202) 414-9200
    abernasconi@reedsmith.com

Jordan W. Siev
*(Pro Hac Vice Motion Forthcoming)*
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 521-5400
jsiev@reedsmith.com

TACOPINA, SEIGEL & DEOREO, P.C.
Joseph Tacopina
Chad D. Seigel
275 Madison Avenue, 35th Floor
New York, NY 10016
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
*(Admitted Pro Hac Vice)*

*Attorneys for Petitioner*
  *Daniel Snyder*