UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from Moag & Co., LLC Pursuant to 28 U.S.C. § 1782 | Civil Action No. 1:20-cv-02705-ELH |

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Petitioner Daniel Snyder ("Petitioner" or "Snyder"), by undersigned counsel, respectfully submits this Memorandum in Support of his Motion to Seal:

1. On December 29, 2020, Petitioner filed his Application, made by Order to Show Cause, For Entry of an Order Holding Respondent in Contempt; Awarding Sanctions; and Striking Declaration of John A. Moag, Jr. (Dkt. No. 35), as well as accompanying documents in support. On January 12, 2021, Respondent Moag & Co., LLC ("Respondent" or "Moag & Co.") filed an Opposition to Petitioner's Motion (Dkt. No. 42), as well as supporting documents.

2. Consistent with Judge Messitte's rulings in *Robert Rothman v. Daniel Snyder*, Case No. 8:20-cv-3290-PJM, Petitioner now seeks to file under seal Petitioner's Reply in Further Support of Petitioner's Application, made by Order to Show Cause, For Entry of an Order Holding Respondent in Contempt; Awarding Sanctions; Striking Declaration of John A. Moag, Jr.; and Issuing a Gag Order, as well as the Declaration of Jordan W. Siev and Exhibit A.

3. On December 23, 2020, Judge Messitte issued an Order (Dkt. No. 89) requiring the relevant parties to file under seal any papers that might have disparaging information about other parties. Subsequently, on January 12, 2021, Judge Messitte issued another Order (Dkt. No. 110) unsealing certain documents and stating that "[a]ny future pleadings, correspondence,

and exhibits shall be publicly filed, unless they contain information that should remain sealed or redacted pursuant to the Court's Supplemental Opinion and Order of December 17, 2020."

4. Although Petitioner's Reply and supporting documents are not disparaging in any way and, he believes, do not fall within the categories that continue to require sealing – and Petitioner is mindful of the Court's ruling, dated January 13, 2021, denying as moot respondent Moag & Co.'s motion to seal its opposition hereto (Dkt. No. 46) – in an abundance of caution to abide by Judge Messitte's rulings, Petitioner seeks to file such documents under seal.

5. In *Ashcraft v. Conoco, Inc.*, the Fourth Circuit held that before a district court may seal any court documents, it must: "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *See* 218 F.3d 282, 288 (4th Cir. 2000) (internal citations omitted). Each of those requirements is met here.

6. First, Petitioner's Motion to Seal provides the public with a reasonable opportunity to object to the sealing of documents in question.

7. Second, to abide by Judge Messitte's rulings that the parties file under seal any papers that might have disparaging information about other parties, no feasible alternative exists to filing this pleading under seal.

8. Finally, specific reasons exist to support the rejection of alternatives to sealing the document in question. The Fourth Circuit has held that the common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publc. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal

documents if the public's right of access is outweighed by competing interests." *Id.* Here, the public's right of access is outweighed by the stronger countervailing interest of Petitioner's obligation to abide by the Court's rulings in a separate action.

Based on the aforementioned reasons, Petitioner respectfully requests the Court seal and to restrict access to the full, unredacted version of Petitioner's Reply in Further Support of Petitioner's Application, made by Order to Show Cause, For Entry of an Order Holding Respondent in Contempt; Awarding Sanctions; Striking Declaration of John A. Moag, Jr.; and Issuing a Gag Order, as well as the Declaration of Jordan W. Siev and Exhibit A.

Dated: January 26, 2021

Respectfully Submitted,

REED SMITH LLP

By: /s/Andrew C. Bernasconi
    Andrew C. Bernasconi (MD Bar No. 15780)
    1301 K Street NW
    Suite 1000, East Tower
    Washington, DC 20005
    Tel: (202) 414-9200
    abernasconi@reedsmith.com

Jordan W. Siev
*(Pro Hac Vice Motion Forthcoming)*
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 521-5400
jsiev@reedsmith.com

TACOPINA, SEIGEL & DEOREO, P.C.
Joseph Tacopina
Chad D. Seigel
275 Madison Avenue, 35th Floor
New York, NY 10016
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
*(Admitted Pro Hac Vice)*

*Attorneys for Petitioner Daniel Snyder*