UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

In re Application of Daniel Snyder
for an Order Directing Discovery from
Moag & Co., LLC Pursuant to
28 U.S.C. § 1782

Civil Action No. 1:20-cv-02705-ELH

**PETITIONER DANIEL SNYDER'S OPPOSITION TO
RESPONDENT'S MOTION FOR LEAVE TO FILE SURREPLY**

Petitioner Daniel Snyder ("Petitioner" or "Mr. Snyder"), through undersigned counsel, hereby files this Opposition to Respondent's Motion for Leave to File Surreply, a proposed draft of which Respondent Moag & Co. LLC ("Respondent" or "Moag & Co.") annexes to its filing (Dkt. Nos. 51 & 51-1).

For the second time in this Section 1782 proceeding, Moag & Co. is improperly attempting to submit further briefing beyond what is permitted under the Federal and Local Rules, once again solely for the purpose of publicly filing additional false and negative claims about Petitioner. Respondent does not – and cannot – identify any legitimate grounds for filing a surreply to Petitioner's Reply in Further Support of his Motion for Sanctions and to Strike (Dkt. No. 49). Rather, Respondent's transparent motivation in filing its motion for leave to file a surreply, and attaching that proposed surreply brief without permission and in violation of the Local Rules, is to publicly disclose screenshots of various text messages exchanged between Mr. Moag, Petitioner, and Petitioner's associate, Mr. Greg Owens, and to falsely accuse Petitioner of yet more wrongdoing. These text messages have no bearing on the proceedings, and do not, as Respondent ineffectually claims, help the Court "understand" Mr. Moag's prior extortionate message to Mr. Owens, which was annexed to Petitioner's reply brief. Thus, Moag & Co. has failed entirely to

satisfy the requisite standard for permission to file a surreply, and its application should be denied in its entirety.

Moag & Co. further argues – without merit – that it should be entitled to submit a surreply to address matters newly raised in Petitioner's Reply and to argue that Petitioner mischaracterizes the context of the evidence that Petitioner cited.  However, the two "new" arguments it cites – namely, Petitioner's reference to a recent text message from Mr. Moag to Mr. Greg Owens, Petitioner's associate, and the request for this Court to issue a gag order against Respondent and Mr. Moag – are merely extensions of the issues already fully briefed, not matters introduced for the first time on reply.  In the absence of a genuinely new issue raised in reply, a party is not entitled to submit a surreply simply to further disagree with the moving party or object to the manner in which the moving party characterizes facts in evidence.

Likewise, Respondent's threadbare argument that a gag order would violate Respondent's and Mr. Moag's First Amendment rights is baseless.  Respondent and Mr. Moag are, in effect, arguing for the ability to continue to disparage Mr. Snyder and to continue to publicly gloat about their obstruction of these proceedings and defiance of this Court's order compelling the production of documents.  The harm and prejudice to Mr. Snyder that would result in allowing this unlawful conduct to continue greatly outweighs Respondent's and Mr. Moag's perceived "right" to act in a defamatory manner.  Respondent's argument fails and should be rejected outright.

Accordingly, and as more fully described below, the Court should deny the requested relief.

I. **THE STANDARD SET FORTH IN THE FEDERAL AND LOCAL RULES FOR REQUESTING LEAVE TO FILE A SURREPLY**

As Respondent well knows, surreplies or other responses to reply briefs are not permitted under the Federal Rules of Civil Procedure.  *See Maccaferri Gabions, Inc. v. U.S. Dep't of Justice*, 1996 U.S. Dist. LEXIS 22969, at *22 (D. Md. Mar. 26, 1996) ("The Federal Rules of Civil

Procedure do not contemplate responses to reply memoranda. Counsel should brief their cases fully in the pleadings permitted as of right."); *see also Franklin v. BWW Law Grp.*, 2016 U.S. Dist. LEXIS 63265, at *6 n. 3 (D. Md. May 12, 2016). Likewise, this Court has made clear that surreplies are strongly disfavored and may not be filed absent authorization from the Court. *See* D. Md. Local Civil Rule 105.2(a); *see also Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015) ("Surreplies are highly disfavored in this District."). As a result, a party must obtain a Court order before being permitted to file a surreply. *See* D. Md. Local Civil Rule 105.2(a) ("Unless otherwise ordered by the Court, surreply memoranda ***are not permitted to be filed***.") (emphasis added).

Although the decision whether to grant a surreply rests within the discretion of the trial court, the only time when surreplies may be considered is "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See, e.g., EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013) (citing *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013)); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (per curiam) (citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). Accordingly, the party who seeks to file a surreply must show that some part of the reply brief raises a new matter, outside the scope of the previous briefs. *See Pedersen v. Geschwind*, 141 F. Supp. 3d 405, 410 (D. Md. 2015) ("Plaintiff has not demonstrated that any aspect of Defendants' reply memorandum falls outside the scope of argument framed by the earlier papers. Consequently, Plaintiff's Request for Leave to File a Surreply will be denied.").

Merely asserting that a reply brief is wrong and should be corrected is not, by itself, reason to justify a surreply. *See Khoury*, 268 F. Supp. 2d at 605-06. Likewise, surreplies should not be

permitted where they would not affect the outcome of the motion if considered and are sought for the purpose of introducing immaterial documents and/or information. *See*, *e.g.*, *Chubb & Son*, 919 F. Supp. 2d at 679 (granting motion to strike surreply in part because "the surreply would not alter the Court's analysis."); *Roach*, 165 F. Supp. 3d at 351 (noting that even if a surreply were permitted, the "proposed surreply would be of little use to [the Court]"); *Pedersen*, 141 F. Supp. at 410 (motion for surreply denied where the "issue [raised in the proposed surreply] is immaterial to the pending Motion to Dismiss").

## II. MOAG & CO. IMPROPERLY USES THE SURREPLY TO SUBMIT FURTHER EXTRANEOUS MATERIALS AND ARGUMENTS ON ISSUES PREVIOUSLY RAISED IN THE PRIOR BRIEFING

Once again, Moag & Co. mischaracterizes the contents of Petitioner's reply brief in order to manufacture "new" claims that, in reality, are extensions of the issues already fully briefed by the parties. Moag & Co.'s request to file a surreply is premised on two flimsy grounds: (1) that it purportedly is entitled to provide context for a threatening text message from Mr. John Moag Jr. to Petitioner's associate, Mr. Greg Owens, which Petitioner referenced in his reply brief as further evidence to support his existing request to sanction Respondent and strike Mr. Moag's declaration; and (2) to "comment" on Petitioner's request for a gag order arising out of Respondent's ongoing and escalating campaign to publicly assert false, defamatory and threatening remarks about Petitioner. However, as was the case in Moag & Co.'s prior attempt to improperly file a surreply, neither of these matters is "new," nor do they satisfy the threshold criteria for permitting a surreply.

### A. Mr. Moag's Text Message Was Self-Explanatory and Did Not Raise A New Issue

To the extent that Moag & Co. attempts to use his proposed surreply as a vehicle for submitting extensive private text conversations between Mr. Moag and Petitioner, as well as his associate, Mr. Owens, on issues far outside the scope of Petitioner's motion for sanctions and to strike, this utterly fails to meet the standard for allowing a surreply. Contrary to Respondent's

claim that these voluminous exhibits somehow will help the Court "understand Mr. Moag's text" message which was excerpted in Petitioner's reply brief (Motion at pp. 1-4), nothing contained in the exhibits or the body of Respondent's surreply – which narrates those same text messages in detail (Dkt. Nos. 51-1 through 51-5) – adds anything to the substantive arguments at issue in Petitioner's motion, nor would it impact the Court's analysis of the core issues. *See Chubb & Son*, 919 F. Supp. 2d at 679.  If anything, Moag & Co.'s attempt to insert commentary on the unequivocal text message that Petitioner cited in his reply, and to recharacterize that threatening message in a light more favorable to Respondent, provides yet further proof of the very conduct for which Petitioner sought sanctions and an order to strike – namely, Mr. Moag's improper use of this Section 1782 proceeding to publicly disparage Petitioner and to violate the Court's orders. *See, e.g.*, Motion at p. 4.

Similarly, Moag & Co.'s desire to reframe the extortionate text message – which, notably, he does not dispute sending – as "a plea for business sanity" despite the clearly threatening language is insufficient grounds to permit Respondent to file a surreply.  Mr. Moag might regret the language that he used in his text to Mr. Owens, but that does not mean that Moag & Co. is entitled to submit further briefing in order to try to backpedal from Mr. Moag's own words. *See McClain v. Wells Fargo Bank*, 2018 U.S. Dist. LEXIS 39197, at *24 (D. Md. Mar. 8, 2018) ("In her Motion, McClain seeks leave to [file a surreply] because she disagrees with various arguments and terminology used in the reply brief.  Having reviewed McClain's arguments for a sur-reply, the Court concludes that no exceptional circumstances exist necessitating the filing of a sur-reply."); *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.").  Accordingly, Respondent fails the requisite standard for filing a surreply and

introducing new evidence after the parties have fully briefed the motion. *See Khoury*, 268 F. Supp. 2d at 606 (stating, where a party sought surreply partly on the basis that the other party misstated the law and the facts in its reply, that this was not "a new matter"); *Roach*, 165 F. Supp. 3d at 351; *Pedersen*, 141 F. Supp. at 410.

### B. Respondent's "Commentary" on Petitioner's Request for a Gag Order Is Immaterial and Insufficient to Justify a Surreply

Respondent's minimal and superficial "commentary" on Petitioner's request for the issuance of a gag order preventing Respondent and Mr. Moag from making public statements on these proceedings and disparaging Petitioner likewise fails the requisite test for authorizing a surreply.

As a preliminary matter, Petitioner's request for a gag order preventing Mr. Moag and Respondent from making further disparaging and/or threatening remarks was not a "new" claim, but rather an extension of Petitioner's existing request for relief. This alone renders Respondent's request to file a surreply moot. *See Khoury*, 268 F. Supp. 2d at 606. As set forth in Petitioner's Reply (Dkt No. 48 at pp. 11-13), the issuance of a gag order is a proper remedy for Respondent's continued non-compliance with the Court's existing orders, including the Court's admonishment from engaging in "unsavory" practices including the public filing of Mr. Moag's declaration and – later – the threatening and harassing text message that Mr. Moag sent to Mr. Owens. This willful non-compliance with the Court's orders, as well as Mr. Moag's continued and willful disparagement of Mr. Snyder, were the subject of Petitioner's original motion and, as such, not raised for the first time on reply, as Respondent argues. *See Marshall v. Capital View Mut. Homes*, No. RWT-12-3109, 2013 U.S. Dist. LEXIS 92597, at *7 (D. Md. July 2, 2013) (striking improper surreply where moving party "was on notice" of the arguments raised in a reply).

Likewise the substance of Respondent's arguments that it seeks to submit in surreply to Petitioner's request for a gag order are meritless. After spending nearly four (4) pages of its proposed surreply on the immaterial and unnecessary contextualization of Mr. Moag's text messages – plainly the true aim in seeking to submit a surreply – Respondent includes as an apparent afterthought a superficial argument that the requested gag order would violate Respondent's First Amendment rights. However, Mr. Moag's and Moag & Co,'s First Amendment "interests" in being permitted to continue willfully disparaging Petitioner through filings in this action and statements to third parties – in violation of the Court's own orders – is outweighed significantly by the harm and prejudice it will cause to Petitioner. *Cf. United States v. Aldawsari*, 683 F.3d 660, 666 (5th Cir. 2012) (noting that the constitutional rights of a party opposing gag order did not include infringing on the rights of others).

Thus, Moag fails utterly to satisfy the standard to justify a surreply and should not be permitted to further extend briefing on Petitioner's motion.

### III. CONCLUSION

Accordingly, for the reasons fully set forth above, the Court should deny Moag's requested relief.

Dated:  February 3, 2021

Respectfully Submitted,

REED SMITH LLP

/s/Andrew C. Bernasconi
Andrew C. Bernasconi (MD Bar No. 15780)
1301 K Street NW
Suite 1000, East Tower
Washington, DC 20005
Tel: (202) 414-9200
abernasconi@reedsmith.com

        Jordan W. Siev
        *(Pro Hac Vice Motion Forthcoming)*
        599 Lexington Avenue, 22nd Floor
        New York, NY 10022
        Tel: (212) 521-5400
        jsiev@reedsmith.com

        TACOPINA, SEIGEL & DEOREO, P.C.
        Joseph Tacopina
        Chad D. Seigel
        275 Madison Avenue, 35th Floor
        New York, NY 10016
        jtacopina@tacopinalaw.com
        cseigel@tacopinalaw.com
        *(Admitted Pro Hac Vice)*

        *Attorneys for Petitioner Daniel Snyder*

- 9 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February 2021, a copy of the foregoing *Opposition to Respondent's Motion for Leave to File Surreply* was electronically filed with the Court and served upon all counsel of record.

/s/Andrew C. Bernasconi<br>
Andrew C. Bernasconi