IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL SNYDER,

*Plaintiff,*

*v.*

MOAG & CO., LLC,

*Defendant.*

Civil Action No. ELH-20-2705

**MEMORANDUM**

On September 18, 2020, Daniel Snyder, Petitioner and majority owner of the Washington Football Team ("WFT"), formerly known as the Washington Redskins, filed an "*Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782." ECF 1 (the "Petition"). In particular, Snyder requested an order compelling discovery from Moag & Co., LLC ("Moag") in connection with a defamation suit filed by Snyder in India. Moag is a Baltimore-based company that represents sellers and buyers of professional sports teams, including the minority owners of the WFT. ECF 31 at 3. Snyder submitted two proposed subpoenas—one for documents and one for a deposition. ECF 1-4; ECF 1-5.[1]

By Memorandum and Order of September 29, 2020, I granted the Petition, permitting the issuance of the subpoenas, and directed the Clerk to close the case. ECF 2; ECF 3. However, I also stated that, within 21 days of service of the subpoenas, Moag could move to quash or for a protective order, which would serve to reopen the case.

Moag did not move to quash or move for a protective order within the specified time frame. *See* Docket. Rather, Moag produced documents on November 9, 2020. Dissatisfied with the

---

[1] The parties are also involved in litigation in the District of Maryland in the case of *Rothman v. Snyder*, PJM-20-3290.

production, Petitioner moved to compel additional documents from Moag. ECF 5; ECF 12-1 (corrected motion); ECF 13-2 (sealed version); ECF 13-6 (Proposed Order) (collectively, "Motion to Compel"). Moag opposed the Motion to Compel. ECF 12-2. And, Snyder replied. ECF 12-3 (redacted version); ECF 13-7 (sealed version). By Order of November 13, 2020 (ECF 6), I referred the matter to Magistrate Judge A. David Copperthite.

Judge Copperthite issued an Order on December 17, 2020, granting the Motion to Compel. ECF 23. Thereafter, Mr. Moag filed a Declaration (ECF 30), updating the Court as to the status of Moag's document production.

Notably, defendant filed "Respondent's Rule 72(a) Objections to Magistrate's December 17, 2020 Discovery Ruling." ECF 31 (the "Objection"). The Objection is supported by two exhibits. ECF 31-1; ECF 31-2. Snyder opposes the Objection (ECF 38), supported by a memorandum of law. ECF 38-1 (redacted version); ECF 39 (sealed version). Moag has not replied, and the time to do so has expired.

Snyder has also filed an "Application, Made by Order to Show Cause, For Entry of an Order Holding Respondent in Contempt; Awarding Sanctions; and Striking Declaration of John A. Moag, Jr." ECF 35. The motion is supported by a memorandum of law (ECF 35-1) (collectively, "Show Cause Motion") and the Declaration of Rizwan Qureshi, an attorney for Snyder. ECF 35-3. Moag has filed an opposition. ECF 42. Snyder has replied. ECF 48. And, Moag has moved to file a surreply, ECF 51, with a proposed surreply. ECF 51-1. Snyder opposes Moag's motion to file a surreply. ECF 52.

This Memorandum resolves only Moag's Objection (ECF 31), for which no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Objection.

2

# I.     Background[2]

As noted, on September 18, 2020, Snyder filed an "*Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782," seeking an order compelling discovery from Moag. ECF 1. The Petition is rooted in a defamation action brought by Snyder in the High Court of Delhi in New Delhi, India against Eleven Internet Services LLP ("Eleven") and its subsidiary, MEA WorldWide ("MEAWW"), as well as Anay Chowdhary, Nirnay Chowdhary, Prarthna Sakar, and Jyotsna Basotia.  ECF 1-8 (copy of the suit).  In the India action, Petitioner alleges publication of a "series of false and defamatory 'news' articles" targeting him on MEAWW's website. ECF 1, ¶ 2; *see* ECF 1-8.

In the Petition, Snyder alleges that Moag has "highly relevant documents and information relating to" the "campaign of defamation" against him that would "aid the Indian Court in resolving" his claim.  ECF 1, ¶¶ 4, 7, 8.  Specifically, Petitioner believes Moag has documents concerning the following, *id.* ¶ 7: "the creation of the Defamatory Articles…; the parties behind payments made in order to procure the posting of the Defamatory Articles; the sources of information upon which the Defamatory Articles were based; and the efforts of third parties "to discredit and damage the Petitioner and the Team."

Pursuant to the Court's authority under 28 U.S.C. § 1782(a), the Court granted the Petition by Memorandum and Order of September 29, 2020. ECF 2; ECF 3. And, on October 19, 2020, Snyder served Moag with the subpoenas, as proposed, as well as the Court's Memorandum and

---

[2] The facts giving rise to this action were recounted in my Memorandum of September 29, 2020. ECF 3. Those facts are incorporated here.  Thus, the facts set forth below are limited to those pertinent to the Objection.

Order. *See* ECF 12-1 at 24-35 ("Document Subpoena"); ECF 12-1 at 41-47 ("Deposition Subpoena").

The Document Subpoena specified a document production deadline of November 6, 2020. ECF 12-1 at 25. Pursuant to Fed. R. Civ. P. 45, petitioner sought documents and communications from Moag concerning Mr. Snyder, MEAWW, and Eleven.  ECF 12-1 at 34. In particular, Snyder made four requests for documents: (1) "All documents and communications concerning Mr. Snyder;" (2) "All documents and communications concerning MEAWW, Eleven and/or any affiliates, agents, or employees thereof;" (3) "All documents and communications concerning the defamatory articles and/or any actual or anticipated negative publicity concerning Mr. Snyder;" (4) "All Documents and Communications between You and any third party concerning Mr. Snyder, the Defamatory Articles and/or any actual or anticipated negative publicity concerning Mr. Snyder." *Id.*

Between November 5 and November 9, 2020, counsel for the parties engaged in communications concerning the discovery requests, which included an exchange of a list of proposed search terms from Snyder's counsel to assist Moag in locating all the responsive documents for the production. ECF 39 at 6. These search terms included the names of two third parties—Mary Ellen Blair and Bobby Porter. *Id.* Blair is a former employee of the WFT and an agent of Moag's client, who allegedly "participated in the corrupt disinformation campaign" about Snyder. ECF 13-2 at 3. Potter is a media consultant who, according to Snyder, was also "working on behalf of one of the same parties by whom Moag was engaged as part of the corrupt disinformation campaign." *Id.*

On November 9, 2020, Moag produced 13 pages of documents and provided responses and objections to the Document Subpoena. ECF 12-1 at 121-126 ("Moag's Responses and

Objections"). Moag took issue with the first and fourth requests in the Document Subpoena.  In response to the first request, Moag stated: "In response to Defendant's objection to this overbroad Request, and subject to the agreed time window, Parties have compromised, and Defendant will produce communications as described above….Parties have further agreed to production that is limited to anticipated or actual negative publicity, and not communications unrelated to that, which is highly proprietary in nature." *Id.* at 123. Further, in response to the fourth request, Moag stated that it "reads this request as wholly duplicative of other Requests previously imposed upon Defendant and is thus unnecessarily cumulative, and thus requires the same observations and oblections [sic]. To the extent it includes records relevant to the so-called Defamatory Articles, Defendant knows of no such records pre-July 16, 2020, but will produce a post-July 16, 2020 transmittal of the article itself. As already explained, 'concerning Mr. Snyder' is hopelessly broad, and seeks records that have no conceivable relevance to the Plaintiff's Indian Lawsuit." *Id.* at 125.

The next day, Moag made an additional production of documents. And, according to Moag's counsel, Moag was planning to make another supplemental production on November 12, 2020. ECF 31 at 7.

On November 11, 2020, Snyder filed a Motion to Compel, seeking additional records that Moag had allegedly "failed to produce." ECF 39 at 7; *see* ECF 12-1. Moag opposed the Motion to Compel (ECF 12-2) and filed a third supplemental document production, consisting of 108 pages, including phone records and email communications. ECF 39 at 7. According to Snyder, the phone records in the third production were "heavily redacted." *Id.*

## II.    Discovery Dispute

In the Motion to Compel, Snyder sought production by Moag of "phone records, text messages, and other communications with all third parties [without redactions], including but not

limited to Ms. Mary Ellen Blair and Mr. Bobby Potter, prior to and after the Defamatory Articles" and "any other anticipated or actual negative publicity" concerning Snyder. ECF 12-1 at 1. According to Snyder, those documents are "directly responsive" to the fourth request in the Document Subpoena, but were not included in Moag's "paltry and bad faith productions of documents on November 9 and November 10, 2020." *Id.*

Snyder also filed a Proposed Order with the Motion to Compel. ECF 13-6. The Proposed Order stated that Moag shall produce "all phone records, text messages, and other communications with all third parties, including but not limited to Ms. Mary Ellen Blair and Mr. Bobby Potter, dated prior to and after the Defamatory Articles…concerning Snyder, the Defamatory Articles, and/or any other anticipated or actual negative publicity concerning Petitioner[.]" *Id.* at 1.

Moag opposed the Motion to Compel. *See* ECF 12-2. According to Moag, Snyder was "leveraging motions practice in a misplaced attempt to rewrite and expand his 28 U.S.C. § 1782 discovery requests, while also mischaracterizing" Moag's cooperation with "rolling discovery." *Id.* at 1. Moag claimed that it "timely responded and produced requested" documents in its possession that relate to the Indian litigation, including a total of 122 pages of documents that it had identified using the search terms provided by Petitioner's counsel. *Id.* at 2. And, it contended that it had no further documents to produce in response to Snyder's requests. *Id.* at 6. Further, it maintained that Snyder was pursuing discovery relating to "two persons, Mary Blair and Bobby Potter," who were "totally missing from both the Snyder discovery requests, and Snyder's Indian Litigation." *Id.* at 1.

In reply, Snyder asserted that all of the documents Moag produced were "in such a heavily redacted form that the contents are largely rendered useless." ECF 12-3 at 9. Further, it maintained

that its requests were highly relevant and within the scope of the subpoenas initially authorized by this Court. *Id.*

Moag also filed a Motion for Leave to File Surreply (ECF 15; ECF 15-1), supported by a proposed Surreply. ECF 15-2; ECF 16 (sealed version); ECF 17 (motion to seal ECF 16). And, Snyder filed an opposition to Moag's Motion for Leave to File a Surreply. ECF 19; ECF 20 (sealed version); ECF 21 (motion to seal ECF 20). Judge Copperthite struck as moot the pleadings related to the Motion for Leave to File Surreply. *See* ECF 22 (striking ECF 15, 16, 17, 19, 20, and 21).

In his Order of December 17, 2020 (ECF 23), Judge Copperthite granted Petitioner's Motion to Compel. Upon review of the procedural history, Judge Copperthite noted that, pursuant to the Court's Order of September 29, 2020, Moag had 21 days from the date the subpoenas were served to move to quash or move for a protective order. *Id.* at 1. Yet, Moag did neither. *Id.* And, prior to November 9, 2020, counsel for both parties "began a series of calls and emails attempting to resolve matters in what appeared to escalate into some ill tempered and often profane conversations." *Id.* Thereafter, Moag produced 13 pages of documents. *Id.*

Judge Copperthite observed the "[p]olarization of counsel and the animosity captured in the pleadings and emails presented" to the Court. *Id.* He characterized the case as "a breeding ground for animosity," and noted that "none of the interpersonal problems with counsel has any bearing on the determinations to be made by this Court." *Id.* But, he "discourage[d] its continuance." *Id.*

Moreover, Judge Copperthite described the discovery dispute as "fairly simple." *Id.* at 2. He said: "The Court ordered the subpoenas to be served. The subpoenas were in fact properly served. Respondent failed to timely file a motion to quash or a motion for a protective order…. Absent a protective order or motion to quash, Respondent lacks the basis to untimely now

7

challenge the requested discovery." *Id.* at 2 (citing Fed. R. Civ. P. 26(c)). Further, he found that the information Snyder was seeking, "especially with respect to the named persons," was within the scope of discoverable information and within the Order (ECF 3) of this Court. ECF 23 at 2. He added: "Any determination of admissibility of evidence will be made by the foreign court." *Id.*

Judge Copperthite recognized that Moag claimed it had already supplied all of the information requested under the subpoenas, whereas Petitioner was alleging that Moag was "holding back on disclosing the particularly important documents requested." *Id.* Thus, Judge Copperthite concluded that if Moag had supplied all of the information requested under the subpoenas, then it must "provide by affidavit under oath, an attestation that the documents produced are the only documents responsive to Petitioner's subpoenas." *Id.* Conversely, if Snyder was correct that Moag was "holding back," then Moag "is ORDERED to comply with the subpoenas" and "file responses to the Petitioner's discovery requests as described in the Petitioner's Proposed Order." *Id.* at 2-3; *see* ECF 13-6 (Proposed Order). Further, he warned that the Court would impose sanctions for failure to comply with this request. *Id.* at 2-3.

Thereafter, on December 28, 2020, Mr. Moag filed a Declaration (ECF 30) stating that he believed Moag had produced "all the information requested under the subpoenas" as to most of the search terms provided by Snyder's counsel. *Id.* ¶ 9. As to Blair and Potter, he stated that he "would be very surprised if Snyder has any credible basis for connecting either Blair or Potter to anything even remotely relating to his knowledge about the India allegations." *Id.* ¶ 10.

On the same date, the parties filed a joint status report discussing whether Moag complied with the Order of December 17, 2020. *See* ECF 32; ECF 33 (amended Status Report). In that status report, Snyder asserted that there continued to be "significant deficiencies" with Moag's

productions. ECF 33, ¶¶ 1, 10. And, Moag filed its Objection to Judge Copperthite's Order. ECF 31. On the following day, Snyder filed the Show Cause Motion. ECF 35.

### III.   Discussion

Under Rule 72(a) of the Federal Rules of Civil Procedure,  a "pretrial matter not dispositive of a party's claim or defense" may be referred to a magistrate judge for resolution.  *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Mvuri v. Am. Airlines, Inc.*, 776 F. App'x 810, 810 (4th Cir. 2019) (per curiam).  Rule 72(a) also provides for the review of the magistrate judge's ruling.  A party who opposes the magistrate judge's order must "file objections to the order within 14 days after being served with a copy."  Fed. R. Civ. P. 72(a).  In such a case, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  *Id.*; *see Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2019); *United Bank v. Buckingham*, 301 F. Supp. 3d 547, 551 (D. Md. 2018); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011).  In performing this review, the court may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636.

Clear error review is "deferential" but "not toothless."  *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019).  The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence" or to "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010); *see Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (observing that the clearly erroneous standard "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently").  Rather, a "finding is clearly erroneous 'when although

9

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts*, 930 F.3d at 238 (quoting *Anderson*, 470 U.S. at 573).  An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Sandoval v. Starwest Servs., LLC*, 1:17-cv-01053 (AJT/TCB), 2018 WL 2426269, at  *1 (E.D. Va. Feb. 16, 2018) (citation omitted).

A magistrate judge's resolution of a discovery dispute is ordinarily accorded substantial deference.  *See Stone*, 356 F. Supp. 3d at 511; *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 n.5 (E.D. Va. 2010) (collecting cases).  Therefore, the objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling on a discovery matter.  *See Stone*, 356 F. Supp. 3d at 511; *see also* 12 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 3069 (3d ed. 2019) (noting that review of a magistrate's discovery ruling "might better be characterized as suitable for an abuse-of-discretion analysis").  Put simply, an objection is not a vehicle to nit-pick the magistrate judge's ruling.  *See Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002); 12 FEDERAL PRACTICE AND PROCEDURE CIVIL § 3069 (describing setting aside a magistrate judge's ruling as "extremely difficult to justify").

In its Objection, Moag asserts that Judge Copperthite (1) did not consider Moag's objections to the discovery requests or motion for surreply; (2) erred in compelling discovery beyond that sought by the Document Subpoena; and  (3) erred in allowing Snyder's requests to exceed the scope of discoverable information under the Petition granted by this Court pursuant to 28 U.S.C. § 1782.   ECF 31 at 10-14. In particular, Moag repeatedly contends that any requests concerning Blair and Potter exceed the scope of discoverable information because neither of them is connected to the India litigation or mentioned in the § 1782 Petition. ECF 31 at 6, 12.

In opposition to the Objection, Snyder asserts that Moag failed to "specify any portion" of the Order that "is clearly erroneous" and "is improperly using its Rule 72(a) Objections solely as a vehicle to introduce the declarations disparaging" Snyder. ECF 39 at 2. Further, he maintains that Moag has repeatedly failed to produce all phone records, text messages, and other communications with Blair and Potter, which were "squarely within the scope" of the discoverable information. ECF 39 at 7, 17.

In my view, far from containing clear error, Judge Copperthite's Order (ECF 23) is entirely reasonable, sound, well founded, and supported by fact and law.[3] First, Judge Copperthite considered all of the relevant pleadings, as well as this Court's Order. *Id.* at 1. On that basis, he concluded that Moag did not properly challenge Snyder's subpoena by way of a timely motion to quash or a motion for protective order. *Id.* at 2. Therefore, Judge Copperthite was correct to find that Moag had "failed to timely file a motion" in response to the subpoenas and therefore had no basis to challenge the requested discovery. *Id.*

Further, Judge Copperthite was not required to consider Moag's surreply. Local Rule 105.2(a) provides that a party is not permitted to file a surreply without permission of the court. The filing of a surreply "is within the Court's discretion, *see* Local Rule 105.2(a), but they are generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015); *see also, e.g.*, *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013). In any event, as with the number of documents that Moag

---

[3] As both parties point out, Judge Copperthite's Order misstates the size of Moag's production of documents. ECF 39 at 18. Although Moag initially produced only 13 pages of documents, it later supplemented that production with over 100 pages of documents. However, Judge Copperthite's error is not material to his findings because Moag's production, regardless of how many pages it contained, did not include all of the documents that were responsive to Snyder's request.

produced, any alleged factual inconsistencies that Moag sought to clarify through its surreply were not necessary to resolve the dispute.

As to Moag's second and third objections, Judge Copperthite correctly found that the information sought by Snyder was within the scope of the Document Subpoena and this Court's Order of September 29, 2020. Indeed, in my Order, I gave Snyder permission to serve two subpoenas on Moag. ECF 3. Although I granted Snyder's motion on the ground that the requested information would be used to assist in the proceedings in India, I did not make any findings as to what material would be relevant to the India action or admissible before a court in India. *See* ECF 2. And, the Document Subpoena that I approved specifically requested "All Documents and Communications between *You and any third party* concerning Mr. Snyder, the Defamatory Articles and/or any actual or anticipated negative publicity concerning Mr. Snyder." ECF 1-4 (emphasis added). Therefore, it is irrelevant that Blair and Potter were not mentioned in the Document Subpoena, Snyder's initial Petition, or my Order. If Blair and Potter are third parties who communicated with Moag about Snyder, then those communications are discoverable and Moag is required to produce them.

### IV.    Conclusion

For the reasons set forth above, I shall affirm Judge Copperthite's Order (ECF 23) and deny the Objection (ECF 31). Within ten days, Moag is directed to comply with Judge Copperthite's Order.

Further, because the Show Cause Motion (ECF 35) seeks Moag's compliance with Judge Copperthite's Order, that motion is now moot. Accordingly, I shall deny the Show Cause Motion, without prejudice to Snyder's right to renew the motion, to the extent warranted and as otherwise

permissible by the Federal Rules of Civil Procedure. And, in regard to the Show Cause Motion, I

shall deny, as moot, the Motion for Leave to File a Surreply (ECF 51).

      An Order follows, consistent with this Memorandum.


Date:   February 5, 2021                                         /s/
                                         Ellen Lipton Hollander
                                         United States District Judge