# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE APPLICATION OF DANIEL SNYDER for an Order Directing Discovery from Moag & Co., LLC Pursuant to 28 U.S.C. § 1782 | Case No. 20-CV-02705-ELH |

## STIPULATED ORDER REGARDING
## CONFIDENTIALITY OF CERTAIN DISCOVERY MATERIAL

Whereas, the parties have entered into a separate agreement governing further discovery in this action and have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this \_\_\_\_ day of _____, 2021, by the United States District Court for the District of Maryland, ORDERED:

1. Designation of Forensic Materials as Confidential. The parties have agreed that certain discovery information from two of Respondent's electronic devices will be retrieved, indexed, and managed by a third-party forensic discovery vendor. The parties shall furnish a copy of this order to such vendor, who shall thereafter be bound by the provisions of this order governing nondisclosure. Materials produced as part of the forensic evaluation, or deposition testimony derived from or referring to such materials, may be used only in the India litigation that supported the Petition in this case, and may not otherwise be disclosed, published, or disseminated outside of the current India litigation. Petitioner shall give Respondent 48 hours advance notice before any documents obtained as a result of the forensic evaluation may be included in papers filed in the India litigation for the purpose of enabling Respondent to inform third parties, as appropriate, of matters that Petitioner may choose to make public by filing them in the India litigation.

2. All documents produced or retrieved through the forensic examination and all deposition testimony and deposition exhibits derived from or referring to such materials shall be

furnished first to Respondents' counsel, who may designate certain information as confidential or highly confidential, as set forth below:

a. The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL," or by instructing the discovery vendor to do so. Respondent may designate material as "CONFIDENTIAL" only when Respondent in good faith believes the material contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. Respondent shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

b. The designation of highly confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the phrase "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or by instructing the discovery vendor to do so. Respondent may designate material as highly confidential only when Respondent in good faith believes that (i) the material is unrelated to the allegations in the India litigation, or to possible sources of, or reasons for, disparaging information concerning Petitioner, and (ii) contains information that is highly confidential, which shall mean so sensitive that disclosure of such information to persons other than counsel and any non-party experts is likely to harm the designating person. Respondent shall not routinely designate material as highly confidential or

make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

c. Portions of depositions of Respondent's present and former officers, directors, employees, agents, experts, and representatives (to the extent such depositions occur) shall be deemed confidential or highly confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as confidential or highly confidential as described above, shall also be deemed to be designated as confidential or highly confidential.

d. Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the India litigation (including appeals).

e. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

   i. Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the India litigation. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

ii. Disclosure may be made only to Petitioner or employees of a party required in good faith to provide assistance in the conduct of the India litigation.

iii. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents in this proceeding or the India litigation. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

iv. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the India litigation. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

f. Information designated as highly confidential and produced in this action may not be disclosed to any person (including parties and employees of parties) other than those designated in subparagraph (e)(i), (e)(iii), and (e)(iv). Highly confidential information shall not be used or disclosed in any matter, including the India litigation, unless Petitioner successfully challenges the highly confidential designation pursuant to paragraph (5) of this Order.

g. Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as confidential or highly confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

h. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential or highly confidential under this Order or any portion thereof shall be immediately affixed with the appropriate confidentiality designation if it does not already appear.

3. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with this Court, those materials and papers, or any portion thereof which discloses confidential or highly confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential or highly confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (5) of this Confidentiality Order.

4. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection

greater than that afforded by paragraphs (1) and (2) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

5. Challenging Designation of Confidentiality. A designation of confidentiality (including highly confidential) may be challenged by Petitioner upon motion. The burden of proving the confidentiality of designated information remains with the Respondent. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. As an alternative to in camera review of the materials by the Court, the parties may submit the materials to a third-party discovery master, whose decision shall be final. Petitioner shall pay the fees and costs of any non-judicial discovery master.

6. Return of Confidential Material at Conclusion of Litigation. At the conclusion of the India litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the Respondent. (The parties have further stipulated that at the conclusion of the India litigation, Petitioner shall destroy all discovery materials obtained from Respondent through this action, and such destruction shall satisfy any obligation on Petitioner to return confidential material to Respondent.) The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material filed by the parties in this litigation, including any appeals.

Dated: March 9, 2021

| REED SMITH LLP | ZUCKERMAN SPAEDER LLP |
|---|---|
| By: /s/ *Andrew C. Bernasconi* | By: /s/ *William J. Murphy* |
| Andrew C. Bernasconi (MD Bar No. 15780)<br>1301 K Street NW<br>Suite 1000, East Tower<br>Washington, DC 20005<br>Tel: (202) 414-9200<br>abernasconi@reedsmith.com<br>*Attorneys for Petitioner* | William J. Murphy (#00497)<br>John J. Connolly (#09537)<br>100 E. Pratt St., Suite 2440<br>Baltimore, Maryland 21202<br>(410) 332-0444<br>(410) 659-0436 (fax)<br>wmurphy@zuckerman.com<br>jconnolly@zuckerman.com<br><br>*Attorneys for Respondent*<br><br>* signed by Andrew Bernasconi with permission of William Murphy |

SO ORDERED:

_____