# EXHIBIT 17

**IN THE HIGH COURT OF DELHI AT NEW DELHI**
**(ORDINARY ORIGINAL CIVIL JURIDICTION0**
**I.A. NO.     OF 2021**
**IN**
**C.S.(OS) NO. 223 OF 2020**

**IN THE MATTER OF:**

Daniel Snyder Through his SPA Holder                ...Applicant/Plaintiff

Versus

Eleven Internet Services LLP & Ors.          .....Defendants/Non-Applicants

LDOH - 18|01|2021
NDOH- 04|02|2021

**INDEX**

| S. NO. | PARTICULARS | PAGES | C.FEE |
|---|---|---|---|
| 1. | Urgent Application | 1 | |
| 2. | Notice of Motion | 2 | |
| 3. | Application under Order VII Rule 14 CPC read with Sec. 151 CPC on behalf of the Plaintiff along with supporting affidavit. | 3-10 | |
| 4. | **DOCUMENT-1** A copy of the order dated 17.12.2020 passed by the Hon'ble United States District Court, District of Maryland | 11-13 | |
| 5. | **DOCUMENT-2** A copy of the extracts of text messages dated 03.07.2020, 13.09.2020, 14.09.2020 and 16.11.2020 | 14 | |
| 6. | **DOCUMENT-3** A copy of the extracts of emails dated 16.07.2020 | 15-16 | |
| 7. | Proof of Service | 17 | |

THROUGH:

**(SIMRANJEET SINGH & RHEA DUBE)**
**[ATHENA LEGAL]**
37, Link Road, First Floor,
Lajpat Nagar-III,
New Delhi – 110024
# 9205109664
rhea.dube@athenalegal.in

Place: New Delhi
Date: 22/02/2021




# IN THE HIGH COURT OF DELHI AT NEW DELHI
## (ORDINARY ORIGINAL CIVIL JURISDICTION)
### C.S. (OS) No. 223 OF 2020

**IN THE MATTER OF:**

Daniel Snyder Through his SPA Holder　　　　……Applicant/Plaintiff

Versus

Eleven Internet Services LLP & Ors.　　　　…..Defendants/Non-Applicants

## URGENT APPLICATION

The Registrar General,
High Court of Delhi at New Delhi,
Sher Shah Suri Road,
New Delhi – 110 001
Sir,

Kindly treat the accompanying application as urgent in accordance with the Delhi High Court Rules and Orders. The grounds of urgency are as under:

"Urgent directions are being sought from this Hon'ble Court on account of the admissions on the part of the Defendants in the instant suit."

THROUGH:

**SIMRANJEET SINGH, RHEA DUBE**
**ATHENA LEGAL**
37, Link Road, First Floor,
Lajpat Nagar-III,
New Delhi – 110024
9893955119
rhea.dube@athenalegal.in

Place: New Delhi
Date: 22.02.2021



## IN THE HIGH COURT OF DELHI AT NEW DELHI
### (ORDINARY ORIGINAL CIVIL JURISDICTION)
### C.S. (OS) No. 223 OF 2020

**IN THE MATTER OF:**

Daniel Snyder Through his SPA Holder     ……Applicant/Plaintiff

Versus

Eleven Internet Services LLP & Ors.     …..Defendants/Non-Applicants

### NOTICE OF MOTION

Sir,

Please take note that the Plaintiffs have filed the present suit which is likely to be listed on or before     .02.2021

THROUGH:

**SIMRANJEET SINGH, RHEA DUBE**
**ATHENA LEGAL**
37, Link Road, First Floor,
Lajpat Nagar-III,
New Delhi – 110024
9205109664
rhea.dube@athenalegal.in

Place: New Delhi
Date: 22/02/2021

**To: No notice of caveat or otherwise received from any Defendants**
1. Counsel for Defendant No. 1
2. Counsel for Defendant No. 2
3. Counsel for Defendant No. 3
4. Counsel for Defendant No. 4
5. Counsel for Defendant No. 5
6. Counsel for Defendant No. 6

**3**

# IN THE HIGH COURT OF DELHI AT NEW DELHI
## (ORDINARY ORIGINAL CIVIL JURISDICTION)
### C.S. (OS) No. 223 OF 2020

**IN THE MATTER OF:**

Daniel Snyder Through his SPA Holder        ……Applicant/Plaintiff

Versus

Eleven Internet Services LLP & Ors.        …..Defendants/Non-Applicants

## APPLICATION SEEKING TO PLACE ON RECORD ADDITIONAL DOCUMENTS ON RECORD UNDER ORDER VII RULE 14 READ WITH SECTION 151 OF THE CODE OF CIVIL PROCEDURE, 1908

1. The Applicant/Plaintiff is filing the present application under Order VII Rule 14 along with Section 151 of the Code of Civil Procedure, 1908 seeking to place on record certain additional documents in the instant suit bearing CS(OS) No. 223 of 2020, wherein the Plaintiff has sought for Permanent and Mandatory injunction, Prohibitory injunction and damages to the tune of Rs. 75 Crores on account of the illegal, *mala-fide*, malicious and vindictive acts of the Defendants and especially the acts of Defendant No. 1 in defaming the Plaintiff by way of publishing defamatory, derogatory and *libelous* posts on its news website reliant upon false and/or wrong and/or manipulated and/or misleading





4

facts/documents/ information further allowing the uploading/sharing/ dissemination of the impugned posts by the Defendants thereby causing defamation and massive loss of reputation to the Plaintiff. The contents of the Plaint be read as part and parcel to the instant application and the same are not being repeated herein for the sake of brevity of this Hon'ble Court.

2. That the Defendants had filed their Written Statements on 25th October and 29th October, albeit the same were returned under objections, and that this Hon'ble Court vide order dated 02.11.2020 was pleased to direct the Defendants to cure the said objections raised by the Ld. Registry of this Hon'ble Court and accordingly listed the instant suit on 18.01.2021 where after the suit was relisted for 04.03.2021. However, pursuant to the same the Defendants have neither filed their Written Statements nor served a copy upon the Plaintiff.

3. That the Defendants have themselves averred time and again that the impugned articles were mere collation and reproduction of other such articles on the internet and that no fact-checking and/or verification was carried out by the said Defendants before proceeding to upload the said

5

impugned defamatory articles on the internet thus causing loss of reputation to the Plaintiff, thus further admitting to the fact that the said impugned articles have defamed the Plaintiff across the globe in the eyes of the public.

4. That post the filing of the present suit, the Plaintiff has also initiated discovery proceedings before the United States District Court, District of Maryland against non-party Moag & Co., with the sole purpose to bring on record from Moag & Co. any material available in the United States which may have a bearing on the present Suit pending adjudication before this Hon'ble Court. Further the said process is an on-going action and in view of the same certain new documents have been discovered therein which are material and essential to the adjudication of the disputes arising out of the present suit. That from the said documents it is amply clear that Plaintiff has been the subject of substantial negative publicity as the subject articles in the instant suit have been published by the Defendants with improper motives and the documents are therefore necessary to be placed on record before this Hon'ble Court. A copy of the order dated 17.12.2020 passed by the Hon'ble United States District



6

Court, District of Maryland is annexed herewith and marked as **DOCUMENT -1**.

5. That the new documents which have come into the possession of the plaintiff in lieu of the aforesaid discovery proceedings are text messages and emails, which both show Mr. John Moag, who is the investment banker to the 3 minority owners of the Washington Football Team (hereinafter "Team"), who collectively own 40%, with the Plaintiff and his family owning 60%, having advance knowledge of negative publicity coming out about the Plaintiff and the Team. It is pertinent to mention that negative publicity created by the Defendants is the subject of the present suit. That in the discovery proceedings mentioned hereinabove, it was also uncovered that Mr. Moag's phone records show that he spoke with the attorney for Jeff Bezos, the CEO of Amazon and owner of the Washington Post. Mr. Moag's phone records also show that he exchanged 87 telephone calls, spanning well over 1,320 minutes (i.e., over 22 hours), with one Mr. Bruce Allen, the former President and General Manager of the Washington Football Team at a time when Mr. Allen was no longer employed by the Team. These calls took place from January to mid-November 2020, with all but one of such calls taking place from April to mid-November 2020. Further the text messages and





emails between Mr. Moag and Mr. Allen received to date further go on to prove that the same focused on negative publicity directed at the Plaintiff. Thus, it is clear that Plaintiff has been the subject of substantial false negative publicity, and the Defendants have yet to provide details of all individuals they have worked with, which have been ordered to be provided to the Plaintiff herein vide the order of this Hon'ble Court dated 21.08.2020 and in view of the non-compliance of the same the Plaintiff had preferred an application under Order XXXIX Rule 2A being IA No. 12302 of 2020 which was listed before this Hon'ble Court on 18.12.2020. In light of the aforementioned the Plaintiff is rightly entitled to the necessary reliefs as prayed for before this Hon'ble Court.

A copy of the extracts of text messages dated 03.07.2020, 13.09.2020, 14.09.2020 and 16.11.2020 are annexed herewith and marked as **DOCUMENT -2.** A copy of the extracts of emails dated 16.07.2020 are annexed herewith and marked as **DOCUMENT -3.**

6. That therefore it is prayed that this Hon'ble Court may kindly take on record the documents annexed herewith for the effective adjudication of the dispute at hand. It is submitted that the documents annexed herewith

and which are sought to be placed on record are authentic copies of the original documents.

7. That the present application has been preferred *bona fide* and in the interests of justice.

## PRAYER

In view of the facts and circumstances as have been elucidated herein above, it is most humbly prayed that this Hon'ble Court may graciously be pleased to:

i. Allow the present application and take on record additional documents annexed with the Application as documents 2 and 3 respectively;

ii. Pass any such other further orders as this Hon'ble Court may deem fit and proper in the interests of justice.

**AND FOR THIS ACT OF KINDNESS, THE APPLICANT AS IS DUTY BOUND SHALL EVER PRAY**

**Plaintiff**
**Through its SPA Holder**

THROUGH:

**SIMRANJEET SINGH, RHEA DUBE**
**ATHENA LEGAL**
37, Link Road, First Floor,
Lajpat Nagar-III,
New Delhi – 110024
9893955119
rhea.dube@athenalegal.in

Place: New Delhi
Date: 21/02/2021



# IN THE HIGH COURT OF DELHI AT NEW DELHI
## (ORDINARY ORIGINAL CIVIL JURISDICTION)
### I.A. No. OF 2021
### IN
### C.S. (OS) No. 223 OF 2020

**IN THE MATTER OF:**

Daniel Snyder Through his SPA Holder ......Applicant/Plaintiff

Versus

Eleven Internet Services LLP & Ors. .....Defendants/Non-Applicants

## AFFIDAVIT

I, Col. (Retd.) Bhushan Lal, aged about 54 years, S/o Sh. B.D. Sapra, Special Power of Attorney Holder of the Plaintiff having my office at 105A, Indraprakash Building, 21 Barakhamba Road, New Delhi – 11001, duly authorized vide SPA dated 05.08.2020 executed in the United States of America, the deponent abovenamed, do hereby solemnly affirm and declare as under:

1. I am the SPA Holder of the Plaintiff duly authorized vide SPA dated 05.08.2020, executed in the United States of America, in the above suit and as such am competent to swear this affidavit.

2. I have read and understood the accompanying application under Order VII Rule 14 read with Sec. 151 of the Code of Civil Procedure, 1908 and state and verify that the averments made in the same are based on the records of the Plaintiff and based on legal advice received from the Plaintiff and are believed by me to be true and the averments made in the last non-numerated paragraph are in the nature of humble prayers of the Plaintiff before this Hon'ble Court.



3. That the documents filed herewith are copies of their respective originals.

**DEPONENT**

**VERIFICATION:**

I, Bhushan Lal, verify that the averments made in Paragraphs 1-3 of my affidavit are true to my knowledge, that no part of it is false and nothing material has been concealed therefrom.

Verified at New Delhi on this ____ day of February, 2021.

2 2 FEB 2021

**DEPONENT**

[Notary seal: Debajyoti Behuria, Advocate, Regn. No. 19716, Period 24/02/2020 to 24/02/2025, GOVT. OF INDIA]

"I identify the deponent who has signed in my presence"

CERTIFIED THAT THE DEPONENT Shri / Smt. / Km : Col. Retd Bhushan Lal S/o, W/o, R/o ___ D. Sehgal

Identified by Shri / Smt. R. I. McGuhan

He solemnly affirmed before me at Oath no. _____ S. No. 62 That the contents of the affidavit which have been read & explained to him are true & correct to his knowledge

2 2 FEB 2021

NOTARY

DOCUMENT-1

11

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF**
**A. DAVID COPPERTHITE**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

December 17, 2020

TO COUNSEL OF RECORD

Re: *Snyder v. Moag & Co., LLC*
Civil No. ELH-20-2705

Dear Counsel:

This matter was referred to me post-closing to rule on Petitioner's Motion to Compel. ECF 6. Initially, I DENIED the motion without prejudice and directed the Petitioner to comply with procedures set forth in Local Rule 104.8. ECF 11. Petitioner has now complied with Local Rule 104.8 and the matter is now properly before the Court. ECF 13. I have reviewed the pleadings in this matter and no hearing is necessary. Local Rule 105.6. For the reasons set forth below, the Motion to Compel is GRANTED.

Petitioner filed this action, a Motion for Issuance of Letters Rogatory on September 17, 2020. ECF 1. Petitioner sought this Court's assistance in the issuance of subpoenas pursuant to 28 U.S.C. 1782 to aid in discovery regarding Petitioner's litigation pending in the High Court of Delhi at New Delhi, India. *Id.* The civil action in India arises from what Petitioner alleges were false and defamatory articles accusing Respondent of sexual misconduct. *Id.* This Court granted the Motion and entered an Order permitting the subpoenas to be issued on September 29, 2020. ECF 2,3.

The subpoenas were served on Respondent on October 19, 2020 and specified a production date of November 6, 2020. ECF 13-4. Respondent had 21 days, until November 9, 2020 to move to quash or move for a protective order. *Id.* Respondent did neither. Prior to November 9, 2020, counsel began a series of calls and emails attempting to resolve matters in what appeared to escalate into some ill tempered and often profane conversations. ECF 13. Notwithstanding these communications, Respondent did in fact produce 13 pages of documents on November 9, 2020. Petitioner has moved to compel additional responses that Petitioner posits are within the dominion and control of Respondent and Respondent has allegedly steadfastly refused to produce. *Id.*

Polarization of counsel and the animosity captured in the pleadings and emails presented here are often the unwelcome biproduct of litigation. This case in particular is a breeding ground for animosity with high stakes and high-profile parties coupled with difficult litigation in a foreign court that is out of reach of the parties to this action. This unsavory back and forth is understandable but highly discouraged by this Court, many of whom spent decades as active litigators before their appointment to this Court. That all said, none of the interpersonal problems with counsel has any bearing on the determinations to be made by this Court. I only note it to discourage its continuance.

TRUE COPY

12

*Snyder v. Moag & Co., LLC*
Civil No. ELH-20-2705
December 17, 2020
Page 2

Instead, this matter is fairly simple. The Court ordered the subpoenas to be served. The subpoenas were in fact properly served. Respondent failed to timely file a motion to quash or a motion for a protective order. The parties, *sua sponte* discussed an appropriate protective order and were in basic agreement until Respondent proposed a new wrinkle that ended the conversation. There was no protective order sought by Respondent, whether by consent or not. Absent a protective order or motion to quash, Respondent lacks the basis to untimely now challenge the requested discovery. Fed. R. Civ. P. 26(c).

District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir.1986); *Middleton v. Nissan Motor Co.*, No. 10–2529, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012). The latitude given to district courts "extends as well to the manner in which [they] order the course and scope of discovery." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1996).

*Assuming arguendo* that Respondent had properly challenged the subpoena by a motion to quash or motion for a protective order, Federal Rule of Civil Procedure 26(b)(1) governing the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "Fed. R. Civ. P. 26 requires that discovery be relevant to any party's claim or defense, proportional to what is at issue in a case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought". Local Rule Discovery Guidelines Appendix A.

I find that after carefully reviewing the pleadings in this case, the information sought regarding the production of phone records, text messages and other communications as described in Petitioner's Proposed Order (ECF 13-8 *Under Seal*), especially with respect to the named persons, to be within the scope of discoverable information and within the Order of this Court (ECF 3). Any determination of admissibility of evidence will be made by the foreign court.

Respondent also argues that even if discoverable, it has supplied all the information requested under the subpoenas. Respondent states that it has no further documents. Petitioner argues that Respondent's representations are incorrect. Petitioner alleges that based upon its review of third-party subpoenas and records received, Respondent is holding back on disclosing the particularly important documents requested, with emphasis on the communications between Respondent and the persons named in the Proposed Order. If Respondent is correct, then Respondent is ORDERED to provide by affidavit under oath, an attestation that the documents produced are the only documents responsive to Petitioner's subpoenas. If Petitioner is correct, Respondent is ORDERED to comply with the subpoenas forthwith. Non-disclosure of discoverable information is governed by Fed. R.Civ. P. 37. Under the circumstances of this case, the Court will not hesitate to impose sanctions for failure to comply with this Order for

Thea Dube
TRUE COPY

13

*Snyder v. Moag & Co., LLC*
Civil No. ELH-20-2705
December 17, 2020
Page 3

discovery. Fed. R. Civ. P. 37.

    The Motion to Compel (ECF 13) is GRANTED consistent with this Order. Respondent is to file responses to the Petitioner's discovery requests as described in the Petitioner's Proposed Order (ECF 13-8 *Under Seal*) within 10 days of this Order. The Court will RESERVE ruling on the motion for attorneys' fees filed by Petitioner and the parties are to provide a joint status report to the Court 10 days from the date of this Order.

    Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

                                Very truly yours,

                                A. David Copperthite
                                United States Magistrate Judge

Area Dube
TRUE COPY

DOCUMENT-2 (COIN)

CONFIDENTIAL

14



CONFIDENTIAL                                MOAG000124

Rhea Dube
TRUE COPY

DOCUMENT-3

CONFIDENTIAL

15

**From:**
**Sent:** Thursday, July 16, 2020 7:14 PM
**To:** John Moag
**Cc:**
**Subject:** Re: Washington Redskins owner Dan Snyder faces sex trafficking allegations; Internet says, 'He was on Epstein's list' | MEAWW

After many years of controversy things are imploding rapidly!

> On Jul 16, 2020, at 6:56 PM, John Moag wrote:
>
> My incoming is crazy today. Stay tuned for the next shoe to drop.
>
> Sent from my iPhone
>
>> On Jul 16, 2020, at 2:40 PM, ███ wrote:
>>
>> When it rains, it pours. Why anyone in their right mind wants to own a sports franchise is beyond me. As John Moag knows many people are lined up to buy. □♂
>>
>> Sent from my iPhone
>>
>>> On Jul 16, 2020, at 2:34 PM, ███ wrote:
>>>
>>> [EXTERNAL]
>>> The wires are crackling.
>>>
>>> Sent from my iPhone
>>>
>>> Begin forwarded message:
>>>
>>>> **From:** ███
>>>> **Date:** July 16, 2020 at 2:33:53 PM EDT
>>>> **To:** ███
>>>> **Subject: Washington Redskins owner Dan Snyder faces sex trafficking allegations; Internet says, 'He was on Epstein's list' | MEAWW**
>>>>
>>>> https://meaww.com/washington-redskins-owner-

CONFIDENTIAL                                    MOAG000136

*Leo Dube*
TRUE COPY

16.

CONFIDENTIAL
dan-snyder-to-step-down-owing-to-sex-trafficking-
allegations-fan-reactions

Sent from my iPhone

CONFIDENTIAL  MOAG000137

*Noa Duke*
TRUE COPY

**Rhea Dube**                                                                                     17

| | |
|---|---|
| **From:** | Rhea Dube |
| **Sent:** | 22 February 2021 13:10 |
| **To:** | 'areeb009@gmail.com'; 'akshayamritanshu@gmail.com'; 'raghavkacker@gmail.com' |
| **Cc:** | Simranjeet Singh |
| **Subject:** | RE: Amended - Daniel Snyder Vs. Eleven Internet Services LLP & Ors. bearing CS(OS) No. 223 of 2020 pending before the Hon'ble High Court of Delhi: Advance Service of application under Order VII Rule 14 on behalf of the Plaintiff. |

To,

1. Mr. Akshay Amritanshu- Ld. Counsel on behalf of Defendant No. 1 -4
2. Mr. Areeb Amanullah and Mr. Raghav Kacker- Ld. Counsels on behalf of Defendant Nos. 5-6

With reference to the captioned subject, please find attached updated application under Order VII Rule 14 read with Sec. 151 CPC being filed on behalf of the Plaintiff for your perusal and record. This instant email is being effected upon you by way of advance service in furtherance of the guidelines as laid down by the Hon'ble High Court of Delhi. Kindly take notice accordingly.

Regards,
Rhea Dube
Associate


ATHENA LEGAL

Athena Legal
Advocates and Solicitors
1st Floor, 37 Link Road, Lajpat Nagar - III
New Delhi - 110024
(T) : +91 11 4200 4421  | (M) : +919893955119 / + 91 8373913436
Video Conference IP : 182.73.80.116
email  :  rhea.dube@athenalegal.in
website  :  www.athenalegal.in

Athena Legal – Law Firm of the Year in Data Compliance and Cyber Security - India Business Law Journal, May 2020.

Athena Legal – Deal of the Year– Indian Business Law Journal, 2020.

Athena Legal - "The Top 10 most recommended Corporate and Commercial Law Solution Providers" Insight Success Magazine.

Athena Legal - ICCA Excellence Award for Client Dedication, 2019.

Athena Legal - Recognized by Vantage Asia, India Business Law Journal amongst top 50 rising stars, 2019.

Up & Rising Law Firm of the Year– In recognition of Finesse, Innovation & Accomplishment - Legal Era 2015-16.