IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE APPLICATION OF DANIEL SNYDER for an Order Directing Discovery from Moag & Co., LLC Pursuant to 28 U.S.C. § 1782 | Case No. 20-CV-02705-ELH |

**REPLY MEMORANDUM IN SUPPORT OF RESPONDENT'S CONDITIONAL CROSS-MOTION FOR LEAVE TO TAKE DISCOVERY FROM PETITIONER**

Respondent Moag & Co., LLC, by his undersigned counsel, submits this reply memorandum in support of his conditional motion for leave to serve document requests and a notice of deposition on Petitioner.

**I.     ARGUMENT**

Ironically (but inevitably), Petitioner Daniel Snyder contends that Respondent's request for reciprocal discovery is harassment of *him*. *See* ECF 63, at 15.[1] The parties each contend, therefore, that their adversary is using the courts for improper purposes. The difference is that only Mr. Snyder has the ability to file § 1782 actions against his perceived enemies and burden them with intrusive demands for private information, whereas Moag & Co. and Mr. Snyder's other targets have no ability to take discovery from Mr. Snyder. That disparity is fundamentally unfair, and it should be corrected by this Court if there is any possibility that Petitioner's latest attempt at harassment – his motion for sanctions for "spoliation" – will be granted.

**A.     Respondent's Request for Reciprocal Discovery is Proper and Timely**

Mr. Snyder acknowledges that a district court has discretion to order reciprocal discovery in a § 1782 proceeding, ECF 63, at 15, but suggests that the request must be "set at the outset of the proceedings." The one case they cite for that proposition, however, actually concluded that

---

[1] Page citations are to the ECF page numbers branded at the top of each electronically filed document.

7781265.3

"there is no time limitation regarding Movants' request for reciprocal discovery." *In re Furstenberg Fin. SAS*, 2018 WL 735670, at *3 (S.D. Fla. Jan. 10, 2018). (The *Furstenberg* court denied the movants' request in part because the § 1782 petition had been filed almost two years earlier and the movants had "opposed Applicants' requests for discovery at every turn," which "also weighs against the exercise of [the court's] discretion regarding reciprocal discovery." *Id.*) And even if § 1782 did set a time limitation on requests for reciprocal discovery, Petitioner says nothing about the Court's inherent authority, or its authority under Rules 11, 26(g), or 45. *See* ECF 62, at 1.

Contrary to Mr. Snyder's argument, Moag & Co. *did* "raise … objections" to the discovery sought by Mr. Snyder. *See* ECF 31-2 (Declaration of Joe Reeder), at ¶¶ 3-5; ECF 12-2, at 138 (counsel correspondence noting intent to file objections); ECF 5-11 (Ex. 6 to sealed motion to compel) (Defendant's Responses and Objections to Requests for Production). Moag & Co. did not file a motion to quash or for a protective order because it believed that counsel for the parties were working through the objections. *See* ECF 31-2, at ¶¶ 10, 17. But as Moag & Co. has come to learn, Mr. Snyder is more interested in burdening his perceived enemies than in learning that they had nothing whatever to do with the defamatory stories published by an obscure Indian website. If Mr. Snyder is permitted to pursue this harassment – to the point that he can demand sanctions from Moag & Co. for bogus allegations of "spoliation" – Moag & Co. should be given leave to show that Mr. Snyder has been operating in bad faith.

### B.  Respondent's Intended Use of the Reciprocal Discovery is Valid

Mr. Snyder claims that Moag & Co. has "manufactured a false narrative" about Mr. Snyder's abuse of the courts to settle scores and harass his enemies. That is nonsense. Respondent requests discovery to *prove* his contention, but the contention is grounded on a wealth of objective evidence that Mr. Snyder cannot rebut and has not addressed.

7781265.3

*First*, as Moag & Co. explained in its Opposition to Petitioner's Application for Sanctions, Mr. Snyder is vilified virtually every day in the U.S. media, and in websites devoted to the business of professional sports, but he chose to file a lawsuit in India. The suit or threat of suit quickly forced the defendant website to take down the offending stories, but Mr. Snyder has continued to pursue the India litigation. It is not plausible that Mr. Snyder, a billionaire, is motivated by pursuit of a money judgment from an obscure Indian website. The real reason for the Indian litigation is the opportunity it creates for Mr. Snyder to pursue one-way discovery in the United States. *See* ECF 61, at 10-14. Mr. Snyder's U.S. discovery requests are openly seeking disparaging information about Mr. Snyder on any topic. He wants this information even if it came in confidential communications with the U.S. press, or in private conversations with friends and family. That these discovery demands go far beyond anything that could conceivably be relevant to the India litigation shows that Petitioner is abusing § 1782.

*Second*, Moag & Co. has set forth ample factual support for its contention that Mr. Snyder is drafting court filings and forwarding them to the media with the intention of triggering negative stories about his perceived enemies and positive stories about himself. ECF 61, at 10-14, 19-20. Mr. Snyder's most recent § 1782 action against Bruce Allen, the former General Manager of the Washington Football Team, seeks, according to Mr. Allen, information that Mr. Snyder had previously failed to obtain in other litigation, as well as personal information that has no connection to the Indian action. *See* Ex. 19 (attached hereto) (Respondent Bruce Allen's Answer to Petition and Motion to Vacate), at 15-16. That allegation is yet another objective basis for Moag & Co.'s assertion that Mr. Snyder is using § 1782 for an improper purpose.

*Third*, Mr. Snyder's counsel have admitted in the press that Mr. Snyder is sending private investigators to confront Mr. Snyder's enemies, ostensibly to obtain information relevant to the

India lawsuit. *See* ECF 61, at 9. As Mr. Moag himself learned from his encounter with the private investigators, however, Mr. Snyder's true purpose appears to be intimidation and harassment, not discovery. *See id*. at 8-9.

Mr. Snyder's opposition memorandum, read carefully, does not deny a bad faith motive. Instead, Mr. Snyder treats his misconduct and bullying as a virtue. As Mr. Snyder puts it, discovery has "confirmed that Mr. Moag communicated with numerous people *about* the Defamatory Articles *and other negative publicity* concerning Petitioner upon release or sometimes beforehand." ECF 63, at 18 (emphasis altered). What Mr. Snyder is saying is that Mr. Moag saw the defamatory Indian articles *after they were published* and that Mr. Moag "communicated" that he did not believe them. And Mr. Snyder is admitting that he seeks Mr. Moag's communications about "other negative publicity concerning Petitioner" – *i.e.*, other negative publicity that has nothing to do with the India publications and therefore should not be discoverable. Although Moag & Co. has not been the source of *any* negative press reports about Mr. Snyder, Mr. Snyder has no right to bully and intimidate Moag & Co. and its principal by demanding to see all of Mr. Moag's communications about Mr. Snyder that have nothing to do with the India stories. If Mr. Snyder has a factual basis for asserting that the *Washington Post* or others defamed him, he should sue the *Washington Post* and seek appropriate discovery in that action. His use of § 1782 subpoenas to investigate his enemies is wholly improper, and Respondent should be given a chance to prove it.

    **C.**    **This Court has Ample Authority to Order Reciprocal Discovery, Whether under § 1782 or the Federal Rules or its Inherent Authority.**

Finally, Mr. Snyder contends that this Court has no authority to order reciprocal discovery under § 1782 because the discovery is not "for use" in the India action. It is true that Moag & Co. is not currently a party to Mr. Snyder's India defamation action. But as Moag & Co. pointed out, Mr. Snyder has falsely contended in the India litigation that Moag & Co. assisted the Indian

defendants in a campaign to create negative publicity about Mr. Snyder. ECF 61 at 25 n.2; *see also id.* at 19-20 & Ex. 17. And Mr. Snyder's filings in India have been used to create negative stories about Moag & Co. in the United States. *See* ECF 61 at 20 & Ex. 18. These stories are likely generated with Mr. Snyder's direct or indirect help, but Moag & Co. cannot prove that assertion without discovery. The "for use" requirement in § 1782 should not be read so narrowly as to allow a party to the foreign litigation to obtain discovery from a nonparty and to "use" that discovery by filing disparaging papers in the foreign litigation and leaking them to the media. If that is permissible under § 1782, then the nonparty target of a § 1782 proceeding should have the right to gather information to defend itself.

Moreover, Moag & Co. has argued that this Court has authority to order reciprocal discovery under the Federal Rules of Civil Procedure and its inherent authority, independent of § 1782. ECF 61 at 26; ECF 62 at 1. Mr. Snyder offers no tenable opposition to that argument. In a footnote, Mr. Snyder distinguishes the *Kuntsler* decision on the ground that there is nothing in the decision "that supports Respondent's requested far-reaching discovery demands." ECF 63 at 19 n.4 (discussing *In re Kuntsler*, 914 F.2d 505 (4th Cir. 1990)). But what supports the requested discovery here is the *Kunstler* court's observation that an evidentiary hearing may be necessary to determine the nature and extent of a party's apparent misconduct in abusing the court's process, such as by filing papers for publicity rather than for legitimate relief. If an evidentiary hearing is permissible, discovery in support of that hearing is both permissible and advisable.

## II. <u>CONCLUSION</u>

For the reasons stated, the conditional cross-motion of Respondent Moag & Co., LLC, should be granted, but only if the Court is contemplating granting Petitioner's motion for sanctions.

7781265.3

Respectfully submitted,

ZUCKERMAN SPAEDER LLP


By:  /s/ *William J. Murphy*
       ------------------------

William J. Murphy (#00497)
John J. Connolly (#09537)
100 E. Pratt St., Suite 2440
Baltimore, Maryland 21202
(410) 332-0444
(410) 659-0436 (fax)
wmurphy@zuckerman.com
jconnolly@zuckerman.com

*Attorneys for Respondent*

7781265.3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June, 2021, a copy of the foregoing was electronically filed and served on all counsel of record via ECF or by e-mail if filed under seal.

/s/ *John J. Connolly*
-------------------------

7781265.3